REED v. THOMPSON.

| 56 | 455 |
|-----|------|
| 114 | 125 |
| 56 | 455 |
| 125 | 533 |

1. **Tax Deed**: EFFECT OF AS EVIDENCE: NOTICE TO REDEEM. A tax deed is not conclusive evidence that proper notice of the expiration of the time for redemption from the sale was given.

*Appeal from Madison District Court.*

SATURDAY, JUNE 18.

ACTION in equity to set aside a tax deed and to quiet title to the land. The plaintiff avers that no notice was given of the expiration of the time of redemption. There was a general denial. Decree was rendered for the plaintiff. Defendant appeals.

*Ruby & Wilkin*, for appellant.

*McCaughan & Dabney*, for appellee.

ADAMS, CH. J.—The defendant contends in the first place that it does not appear that the plaintiff is in a condition to question his tax title, because he has not shown that he is the holder of the patent title. The case is submitted upon an agreed statement of facts. From this statement it appears that in 1876 one David Stanton held the equitable title to the land and one Francis Davis held the legal title: that Stanton and Davis, while thus holding title, executed each respectively a deed to the plaintiff. In our opinion this is sufficient.·

We come, then, to the principal question as to the alleged want of notice of the expiration of the time of redemption.

The tax sale was made January 5, 1874. The notice upon which the defendant relies was given by publication, the first publication being October 12, 1876. The notice and affidavit of publication were filed in the office of the county treas-

urer, November 25, 1876. The deed was executed March 3d, 1877. The land was assessed to Francis Davis, who was a non-resident. The notice published purported to be given to Francis Davis. But the statute requires, Code, § 874, that notice shall be given to the person in possession. The plaintiff insists that this was not done. It is agreed that David Stanton, the holder of the equitable title, raised a crop of corn upon the land in 1876 and surrendered possession in the spring of 1877. It is further agreed that upon him no notice of any kind was ever served.

But it is agreed that he saw the published notice, and knew when, according to the notice, the time for redemption would expire. This fact it is claimed by defendant shows that Stanton had the notice required by statute,. and that actual service of notice upon him was not necessary to entitle the defendant to a deed.

This position of the defendant, we think, is not well taken. The statute provides what shall constitute notice and proof of service. It provides also that " until ninety days after the service of said notice the right of redemption shall not expire." It is not for us to say that the knowledge of the person in possession may be such as to obviate the necessity of service upon him.

The defendant, however, insists that the deed is conclusive evidence of the service of notice.

Section 897 of the Code provides that the deed shall be conclusive evidence " that the manner in which the listing, assessment, levy, notice and sale were conducted was in all respects as the law directed." The notice spoken of, the defendant claims, is the notice of the expiration of the time of redemption.

But in our opinion the notice spoken of is the notice of sale. It is to be observed that the word *notice* is used in connection with *sale*, and immediately preceding it. The. different things necessary to the execution of a tax deed are

mentioned consecutively. If they are mentioned in chrono-
logical order the *notice* mentioned is the notice of sale.

The defendant insists that the notice is not the notice of
sale because the section expressly provides that the deed shall
be presumptive evidence of due advertisement· or notice of
sale, and it would be absurd to provide in· the same section
that the deed should be conclusive evidence of the same
thing. But the statute makes a distinction between the fact
of levy, assessment, etc., and the manner thereof. We think
it makes a distinction between the fact of notice of sale and
manner thereof.

But it is said that the same section provides that the deed
shall be conclusive evidence " that all things whatsoever re-
quired by law to make a good and valid sale and to vest the
title in the purchaser were done, except in regard to the
points named in this section wherein the deed shall be pre-
sumptive evidence only ; " that the deed is not made pre-
sumptive evidence of the notice of expiration of the time of
redemption, and as that is necessary to vest title in the pur-
chaser, the deed must under the provision be regarded as
conclusive evidence of it.

This provision is found in subdivision 3 of the section in
question, which purports to treat of the prerequisites to be
complied with by the *officers* having any part in the transac-
tion relating to or affecting the title conveyed. We think it
does not extend farther. The giving of notice of the expira-
tion of the time of redemption is something to be done by the
holder of the tax certificate. The statute went very far in
making the deed conclusive evidence that the prerequisites
to be complied with by the officers had been complied
with. Yet the officers were elected for the purpose of
doing the things constituting the prerequisites and are
wholly disinterested. We cannot think that the statute
designed to allow the holder of the tax deed to rely upon it
as conclusive evidence of the things to be done by himself.

The effect of the statute requiring notice to be given of the

expiration of the time of redemption is to lull property owners into security. If a tax deed is conclusive evidence of notice, where there is no notice, the provision constitutes a most dangerous trap, instead of a protection to property owners.

The deed in question was executed before the expiration of the time of redemption. It is true the three years had expired. But the time of redemption did not expire when the three years did. The statute expressly provides that it shall not expire until ninety days after notice is given. A deed executed before the expiration of the ninety days is just as premature as if executed before the expiration of the three years. We do not say that if it is executed after the three years it would not constitute presumptive evidence that it was executed upon due notice. There is a presumption in favor of the regularity of official acts. But in this case it is agreed that the notice was not given. The presumption then is overcome, and the deed cannot be considered as having any more force than if it had been executed before the three years had expired. It is the right of the plaintiff to have such deed set aside, and although strictly the time of redemption does not appear yet to have expired, yet the plaintiff offers in his petition to pay the amount due as taxes, penalties and costs, and the court found the amount due and decreed that the same be paid, and be a lien upon the premises until paid. We think that the defendant can claim nothing more.

AFFIRMED.