[No. 2357. Decided December 7, 1896.]

E. M. HERRICK, *Appellant,* v. U. R. NIESZ *et ux., Respondents.*

DISMISSAL OF ACTION — LIMITATION OF ACTIONS — OBJECTION NOT RAISED BELOW — TAX DEEDS — CONCLUSIVENESS — NECESSITY OF NOTICE TO LAND OWNER — RETROSPECTIVE STATUTE — CONSTITUTIONAL LAW.

A motion by plaintiff to dismiss his complaint at his own costs comes too late, when not made until the court has filed a written opinion announcing his findings and conclusions and directing the entry of a decree in accordance therewith.

The defense that the statute of limitations has run against plaintiff's cause of action cannot be raised on appeal, when not raised in the court below by demurrer or answer.

Laws 188.–86, p. 92, providing that no holder or owner of a tax certificate shall be entitled to a deed of the lands purchased at tax sale, unless he shall have given notice of his application for deed at least sixty days prior to the expiration of the three years allowed the owner for redemption, applies to tax certificates of sale issued prior to the taking effect of the act.

The fact that a statute is so far retrospective as to be applicable to certificates already issued for tax sales does not put it in conflict with the federal constitution which provides that no state shall pass any law impairing the obligations of contracts.

Code 1881, § 2937, making a tax deed conclusive evidence of the regularity of all other proceedings from the assessment by the assessor to the execution of the deed, does not make such deed conclusive evidence that the holder had complied with the provisions of a later statute requiring notice to the owner or occupant of the land by the holder of the tax certificate thereon that application for a tax deed would be made at the expiration of the period allowed for redemption.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Reversed.

*Mitchell Gilliam,* and *Donworth & Howe,* for appellant.

*J. T. Ronald,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This was an action instituted by the appellant as the owner in fee of the premises described in the complaint, to cancel a tax deed executed and delivered to the respondent U. R. Niesz by the sheriff of King county, pursuant to a sale of the premises in question under a tax assessment for the year 1883, and to quiet plaintiff's title. From a judgment in favor of the defendants plaintiff has appealed.

At the conclusion of the trial the court below having taken the cause under advisement, thereafter filed a written opinion upon the law and the facts, and therein directed the entry of a decree in accordance therewith. Thereupon the plaintiff moved the court for leave to dismiss his complaint at his own cost, and he predicates error upon the court's refusal to permit the action to be dismissed. In his written opinion the learned judge had substantially announced his findings and conclusions, and the application to dismiss came too late. *Sommerville v. Johnson,* 3 Wash. 140 (28 Pac. 373), and *Waite v. Wingate,* 4 Wash. 324 (30

Pac. 81), are not applicable to the facts here shown.

An objection is made in the brief of counsel for the respondents that the statute of limitations has run against plaintiff's cause of action, but this defense was not interposed by either demurrer or answer in the court below, and we think it cannot be urged here. Section 193 of the Code provides that:

" If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting always the objection that the court has no jurisdiction or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be made at any stage of the proceedings, either in the superior or supreme court."

Various question are discussed in the brief of counsel for the appellant which go to the regularity of the assessment and the proceedings taken to enforce it; but there is one main question upon the decision of which the case must turn, and we will proceed to a consideration of it. The tax deed under which respondents claim was based upon a sale of the premises in question for the delinquent taxes assessed thereon for the year 1883. The sale occurred on the first Monday in May, 1884, pursuant to the statute then in force, and on that day the sheriff executed and delivered to the respondent, U. R. Niesz, a certificate of such sale, and on the 20th of May, 1887, more than three years having elapsed from the date of the sale and the lands not having been redeemed, the respondent U. R. Niesz, having surrendered his certificate to the sheriff and paid the subsequent taxes against the land, received from the sheriff a deed of the property. At the time when the sale occurred the statute did not require any notice of the application for a tax deed to be given, but subsequent thereto and

prior to the execution of the deed by the sheriff to the respondent, viz., on February 3, 1886 (Laws 1885–86, p. 92), § 2934 of the Code of 1881, (in force at the time of the assessment and sale), was amended by adding the following thereto, viz: "Provided, however, that no holder or owner of such certificate *shall be entitled to a deed* of the lands or. lots so purchased until the following conditions have been complied with." Then follow provisions requiring that notice should be given persons in actual possession or occupancy of the land, and also the person in whose name the same was taxed or assessed, at least sixty days prior to the expiration of the three years (provided by law for redemption), and requiring the holder of the certificate to make proof of the giving of such notice, and cause the same to be recorded in the office of the auditor of the county in which the land is situated. The lower court found

"That none of the acts or things required to be done by the purchaser at a tax sale, contained in the provisions of Section 1 [being the provision just referred to], are shown to have been done, by the records of the sheriff's office in King county, State of Washington, or by the records of the auditor's office of King county, State of Washington, or either of the said offices, or by any other evidence in said cause."

Appellant contends that the trial court erred in admitting the tax deed in evidence and thereafter in adjudging the same to be valid and holding that respondents acquired title thereunder. Against this contention the respondents urge, (1) that the act of February 3, 1886, *supra,* does not, and was not intended to apply to sales theretofore occurring; (2) that if the act should be considered as applying to respondent's deed, then it conflicts with the provisions

of § 10, art. 1, of the federal constitution, and should
be held for naught; (3) if it should be considered that
the act applied to the tax sale in question and be
further found not to be in conflict with the federal
constitution, nevertheless the tax deed is conclusive
evidence that the notice required by the act of Febru-
ary 3, 1886, was given, and that any evidence to the
contrary was inadmissible.

Considering these objections in the order men-
tioned, we observe that at the time of the enactment
of the amendment of 1886, *supra*, about fourteen
months remained before the expiration of the period
for redemption from the tax sale in question, and this
constituted a reasonable time to enable the purchaser
to take the steps which that statute required.   The
language of the act is sufficiently broad and compre-
hensive to apply to the proceedings we are now con-
sidering; and, in holding its provisions applicable to
the proceedings which terminated in a tax deed to the
respondent, we do not necessarily give them a retro-
active effect.   Nor do we think that, when held to ap-
ply to respondents' deed, the act impairs any consti-
tutional right of the respondents.   A like question was
mooted but not decided by this court in *Ford v. Durie,*
8 Wash. 90 (35 Pac. 595, 1082).

While the authorities are conflicting upon this ques-
tion, nevertheless it is one which involves the con-
struction of a provision of the federal constitution,
and it is sufficient to ascertain, if possible, what view
is taken of it by the supreme court of the United
States, and, when that is ascertained, to accept it as
conclusive.

*Curtis v. Whitney,* 13 Wall. 68, was a case in which
this question was directly involved and the court
there say :

"That a statute is not void because it is retrospective has been repeatedly held by this court, and the feature of the act of 1867 [Laws of Washington], which makes it applicable to certificates already issued for tax sales, does not of itself conflict with the constitution of the United States. Nor does every statute which affects the *value* of a contract impair its obligation. . . . In the case before us the right of plaintiff to receive her deed is not taken away, nor the time when she would be entitled to it postponed. While she had a right to receive either her money or her deed at the end of three years, the owner of the land had a right to pay the money and thus prevent a conveyance. These were the coincident rights of the parties growing out of the contract by which the land was sold for taxes. The legislature, by way of giving efficacy to the right of redemption, passed a law which was just, easy to be complied with, and necessary to secure in many cases the exercise of this right. Can this be said to impair the obligation of plaintiff's contract, because it required her to give such notice as would enable the other party to exercise his rights under the contract? How does such a requirement lessen the binding efficacy of plaintiff's contract? The right to the money or the land remains, and can be enforced whenever the party gives the requisite legal notice. The authority of the legislature to frame rules by which the right of redemption may be rendered effectual cannot be questioned, and among the most appropriate and least burdensome of these is the notice required by statute."

The only point remaining to be considered is whether the tax deed in this case affords conclusive evidence of the giving of the notice required by the act of 1886. Respondent's claim in this connection is based on § 2937 of the Code of 1881, which is as follows:

"Such tax deed, duly acknowledged or proven, is (except as against actual fraud) conclusive evidence

of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed."

Commenting upon this section in *Coulter v. Stafford*, 56 Fed. 564, the United States Court of Appeals for the Ninth Circuit, say:

"Under the law as it existed at and prior to the *time when the deed was made*, the sheriff was not authorized to execute the deed, unless the affidavit as to the service had been made, presented, and filed as the law provides. Although the deed was *prima facie* evidence under the laws of Washington of 'the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed,' yet the authority to execute the deed is not shown. The statute must always be examined in order to ascertain the authority of the officer to execute the deed. After examining the provisions of the statute, it does not appear upon the face of the deed that the sheriff had any authority whatever to execute it, and, no authority for its execution being shown, it is absolutely null and void, and wholly insufficient to put the statute of limitations in motion, and the court erred in admitting it in evidence for any purpose."

In *Miller v. Miller*, 96 Cal. 376 (31 Am. St. Rep. 229, 31 Pac. 247), the supreme court of California, construing a similar statutory provision, say:

"Section 3787 provides that '*such deed*, duly acknowledged or proved, *is* (except as against actual fraud) *conclusive evidence* of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed.' These provisions of the statute are plain and explicit, and in the absence of other and additional legislation, there would seem to be no question but that the production of a tax deed in evidence established a *prima facie* title. But several years subsequnt to the foregoing

legislation, a statute was enacted, providing that the purchaser of property sold for delinquent taxes, or his assignee, must, thirty days previous to the expiration of the time for redemption, or thirty days before he applies for a deed, serve a notice upon the owner. . . . It is now insisted by respondents that the service of this notice is a condition precedent to the execution of the deed, and appellants having failed to prove such service, the deed was issued without authority, and therefore passed no title. . . . As already suggested, this enactment of the legislature requiring this notice to be served, etc., is of much more recent date than Section 3787 of the Political Code, and it is very apparent upon an inspection of these provisions, that the legislature never intended that it should come within the purview of that section. . . . The words ' conclusive evidence of the regularity of all other proceedings,' as used in this section, refer, and were intended by the framers of the provision to refer, to the acts and proceedings required to be done and had at the hands of the public officials entrusted with the various steps leading up to the execution of a tax deed, *and not, as in this case, to something required to be done by the applicant for the deed.* This is the construction placed upon a very similar provision by the supreme court of Iowa and is undoubtedly the true one." *Reed v. Thompson,* 56 Iowa, 455 (9 N. W. 331).

In reason and upon authority we think that it was incumbent upon the respondents herein to show a compliance with the provisions of the act of February 3, 1886, which was enacted subsequently to § 2937, *supra,* and the mere production of the tax deed afforded neither proof nor presumption of a compliance therewith, and of itself was not sufficient to *prima facie* entitle the respondents to recover.

In view, also, of the further fact that the court expressly found that no evidence existed of record, or

had been given, that any of the steps which the act of 1886 required of the respondents had been taken, the appellant was entitled to a decree in his favor, and the cause will be remanded with directions to the lower court to enter a decree accordingly.

Hoyt, C. J., and Dunbar, Anders and Scott, JJ., concur.