[No. 2705. Decided November 24, 1897.]

E. M. HERRICK, *Respondent,* v. U. R. NIESZ *et ux.,*
*Appellants.*

APPEAL — PROCEEDINGS BELOW UPON REMAND — ALTERATION OF ORIG-
INAL DECREE.

Where a judgment in favor of defendants in an action to
cancel a tax deed has been reversed on appeal and remanded to
the lower court with directions to enter judgment in favor of
plaintiff, it is within the power of the lower court to ascertain
the amount of taxes paid by defendants and decree it a lien on
the land, although the judgment of neither the trial nor appellate
court provide therefor, when the plaintiff had made a tender
thereof, and asked that defendants be required to establish the
amount paid by them.

Appeal from Superior Court, King County.—Hon.
WILLIAM H. MOORE, Judge. Reversed.

*J. T. Ronald,* for appellants.

*Mitchell Gilliam,* and *Donworth & Howe,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought to cancel a tax
deed and was before this court upon a former occasion (16
Wash. 74, 47 Pac. 414), where the plaintiff had appealed
from a decree sustaining the validity of the deed. This
court held it invalid, reversed the cause, and remanded it
to the lower court with directions to enter a decree in favor
of the plaintiff. Upon the receipt of the remittitur in the
lower court the defendants applied to the court to include
in the decree a judgment in their favor for the amount of
taxes paid by them on the lands, and that the same be de-
creed a lien upon the lands. The court denied their appli-
cation and this appeal is taken therefrom.

The respondent contends that the court had no authority in disposing of the case upon the remittitur to render a judgment in favor of the defendants for the amount of the taxes. He contends that the former decree in favor of the defendants was based upon findings of fact and conclusions of law prepared by their counsel, and that said findings of fact did not disclose the amount of taxes paid by them, but contained only a general finding that the defendants had paid the taxes for certain years enumerated, and furthermore that, after the opinion had been filed in this court reversing said decree and directing the lower court to render a decree in favor of the plaintiff in accordance with the opinion, said defendants filed a petition for a rehearing calling the court's attention to the decision in so far as it related to the question of the statute of limitations, but said nothing as to the right of defendants to a judgment for the amount of taxes claimed to have been paid by them; and the respondent here contends that upon the receipt of the remittitur the lower court could do nothing more than to render a decree in favor of the plaintiff, giving him the land.

The position that the lower court could not proceed contrary to the opinion filed in reversing the cause is, of course, well taken, for any modification of the decision must have been obtained in this court, and the question to be determined is whether the relief asked by the defendants in the final disposition of the cause in the lower court was contrary to the opinion, and that must be determined by the record.

The complaint to set aside the deed and for the recovery of the lands contained the following allegation, viz.:

" The plaintiff is and at all times has been ready and willing to pay the defendants, Niesz, the amount of any and all taxes, penalties, interest and costs, paid by them or

either of them upon the said described real property, but plaintiff has been unable from an examination of the records and after diligent search and inquiry, to ascertain the amount of such taxes, penalties, interest and costs, if any, so paid by said defendants," etc.,

and he prayed that the defendants be required to show what, if any, taxes they had paid upon said described property, including penalties, interest and costs.

The decree upon the first trial in the lower court having been rendered in favor of the defendants sustaining the tax deed, there was no occasion for the court to find the amount of taxes paid by them. Proof had been introduced upon that subject, however, and the appellants ask, in case this court sustains them in their right to recover the taxes, that we find the amount of the taxes paid by them, and modify the decree by making the same a lien upon the land, and their payment a condition precedent to the right of the plaintiff to recover it. But there seems to have been some contention between the parties as to whether certain taxes paid were paid upon the particular land or upon that included with other lands, if we understand the pleadings, and we will not examine the proofs to determine the amount paid by the defendants. But we are of the opinion that the defendants are entitled to recover the amount of the taxes paid by them, and that giving them this relief in no wise conflicts with the decision heretofore rendered. While it would have been proper enough for the defendants, in their petition for a rehearing, to have called the court's attention to the fact that there was no express provision in the opinion for the recovery of such taxes, yet we do not think it was necessary in this instance, for the plaintiff's complaint expressed a willingness to repay to the defendants the amount of taxes which they had paid. The decision before rendered in this court directed a decree in favor

of the plaintiff, and a decree which gave him all that he asked was certainly a decree in his favor. A contention was made by the plaintiff upon this last appeal that he would have a right to contest the validity of the levy of the taxes, etc., but we think he was concluded by the allegation in his complaint, which was that he was willing to repay the amounts paid by the defendants, etc., and he asked that they be required to show it.

Consequently the cause will be reversed and remanded with instructions to the lower court to ascertain the amount of taxes paid by the defendants on the lands in question, with interest, penalties and costs, and to include in the decree a judgment for the full amount thereof, making the same a lien upon the lands, and requiring the plaintiff to pay the same as a condition precedent to the recovery of the lands.

ANDERS, DUNBAR, REAVIS and GORDON, JJ., concur.