EMMA E. STARKS, HIRAM STARKS, FRANCES L. SMITH
AND LUCIUS T. SMITH, HER HUSBAND, ALICE GREI-
MER, AGNES LIGHTBODY AND FRANK A. LIGHTBODY
HER HUSBAND, ELLA WEEKS AND HARRY WEEKS
HER HUSBAND, SUSAN NICKERSON AND ALFONSO
NICKERSON HER HUSBAND, ORA STARKS AND FLOYD
STARKS, MINORS, BY LUCIUS T. SMITH, THEIR
NEXT FRIEND, *Plaintiffs in Error*, V. SARAH R.
SAWYER AND JAMES E. ALEXANDER, *Defendants in
Error*.

1. A failure to comply strictly with those provisions of tax laws
which are intended for the guide of officers in the conduct of
business devolved upon them, designed to secure order, system
and dispatch in proceedings, and by a disregard of which the
rights of parties interested cannot be injuriously affected, will
not usually render the proceeding void; but where the requisites
prescribed are intended for the protection of the citizen, and to
prevent a sacrifice of his property, and a disregard of them
might and generally would injuriously affect his rights, they
cannot be disregarded, and failure to comply with them will
render the proceeding invalid.

2. The provision of the statute requiring the Clerk of the Circuit
Court to mail a copy of the notice of application for a tax deed
to the owner of the land, or if the owner be unknown to de-
liver or mail such copy to the person last paying taxes on the
property was intended for the benefit of the land owner, and a
disregard of the provision when applicable renders the tax deed
invalid.

3. The validity of a tax sale certificate and the rights of the
holder thereof, other than a governmental agency of the State,
are to be determined by the laws in force at the time the cer-
tificate is acquired. A statute subsequently passed cannot con-
stitutionally impair any of the substantial rights secured to a
private holder by the existing laws when the certificate was
acquired.

4. A statute enacted after the acquisition by a private party of

Starks et al. v. Sawyer et al.—Syllabus.

a tax sale certificate, requiring a particular and additional notice to be given to the owner of the land before a deed issues on the certificate, when the right to a deed had not become absolute and the giving of the notice imposes no burden upon the holder of the certificate, may not impair any substantial right of the holder of the certificate, and consequently may not be an impairment of vested property rights or a deprivation of property without due process of law.

5. A charge directing a verdict for the defendants should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiffs. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law.

6. Where the testimony overcomes the effect of the *prima facie* regularity of the tax sale proceedings afforded by the deed under the statute, it is incumbent upon the party claiming title through the tax deed to prove its validity.

7. Where there was evidence upon which the jury could legally have found for the plaintiffs, an affirmative charge for the defendants is error.

This case was decided by Division A.

Writ of Error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*Baker & Baker,* for plaintiffs in error.

*Stewart & Bly,* for defendants in error.

WHITFIELD, J.—This writ of error is to a judgment for the defendants in an action of ejectment to recover the possession of lands in Volusia County, Florida. At the trial the plaintiffs showed a title by conveyance and descent. In support of a plea of not guilty a tax deed dated November 18, 1902, was introduced by the defendants over objections interposed by the plaintiffs. In rebuttal the plaintiffs introduced the testimony of the Clerk of the Circuit Court "that he had no record in his office as to the issuance or forwarding of any notice of the application for said deed to any one," but recalled that he had sent a notice of the application for the tax deed to a person in another county whom he was told by the applicant for the tax deed was the agent of the person to whom the land was assessed.

The statute in force when the tax deed was issued requires notice to be published by the Clerk of the Circuit Court of the application for a tax deed, and after giving the form of the deed, provides that "The clerk shall also mail a copy of said notice of application for tax deed to the owner of the lands for which a tax deed is applied for. If the owner is unknown, then such notice shall be delivered or mailed to the person last paying taxes on said property."

In the case of City of Orlando v. Equitable Building and Loan Association, 45 Fla, 507, text 522, 33 South. Rep. 986, this court approved the rule that "failure to comply strictly with those provisions of tax laws which are intended for the guide of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected, will not usually render the proceeding void; but where the requisites prescribed are intended

for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would injuriously affect his rights, they cannot be disregarded, and failure to comply with them will render the proceeding invalid."

The provision of the statute above quoted requiring the clerk to mail a copy of the notice of application for tax deed to the owner of the land, and if the owner is unknown to deliver or mail such notice to the person last paying taxes on the property, was intended for the benefit of the land owner; and a disregard of the provision when applicable renders the tax deed invalid.    See 2 Cooley on Taxation (3rd Ed.) 1034; Black on Tax Titles (2nd Ed.) § 385.

The tax deed recites that the certificate of sale upon which the deed is based was issued June 7, 1899, but it does not appear by the transcript whether the tax sale certificate was issued to the State or to a private party, or if it was issued to the State at the sale, when it was purchased from the State by the defendants or their predecessors in title.

The validity of a tax sale certificate and the rights of the holder thereof, other than a governmental agency of the State, are to be determined by the laws in force at the time the certificate is acquired.    A statute subsequently passed cannot constitutionally impair any of the substantial rights secured to a private holder by the existing laws when the certificate was acquired.    See Hull v. State, 29 Fla. 79, 11 South. Rep. 97, 30 Am. St. Rep 95, 16 L. R. A. 308; Gray v. City of St. Paul.    Minn. , 116 N. W. Rep. 1111.

But a statute enacted after the acquisition by a private party of a tax sale certificate, requiring a particular and additional notice to be given to the owner of the land

before a deed issues on the certificate, when the right to a deed had not become absolute and the giving of the notice imposes no burden upon the holder of the certificate, may not impair any substantial right of the holder of the certificate, and consequently may not be an impairment of vested property rights or a deprivation of property without due process of law. See State *ex rel.* National Bond & Security Co. v. Krahmer,    Minn.    , 117 N. W. Rep. 780; Curtis v. Whitney, 13 Wall, 68, 20 L. Ed. 513; Herrick v. Niesz, 16 Wash. 74, 47 Pac. Rep. 414.

. A charge directing a verdict for the defendants should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law. See German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740.

It does not appear that the person to whom the clerk sent the notice was the owner of the land or even that he was the agent of the owner if that would suffice; nor does it appear that the person to whom the notice was sent was the person or the agent of the person last paying taxes on the land. There is no showing that any other notice of the application for the tax deed was sent to or by any one.

The testimony as to the notice that was given was introduced by the plaintiffs, and it overcame the effect of the *prima facie* regularity of the proceeding afforded by the deed under the statute. It was, therefore, incumbent upon the defendants to show that the notice required by

the statute was given, or that such notice was not required in this case. The defendant made no showing of compliance, or reason for not complying, with the quoted statute. No title by adverse possession was shown. Under.these circumstances it was error to direct a verdict for the defendants as was done.

The judgment is reversed and the cause is remanded.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.