Clark-Ray-Johnson Co. v. Williford—Syllabus.

THE CLARK-RAY-JOHNSON COMPANY, A CORPORATION, *Appellant*, v. W. T. WILLIFORD, *Appellee*.

1. In a proceeding in equity to cancel a tax deed as a cloud upon title to real estate, allegations that the land was conveyed to the complainant by one in possession under a patent from the United States, and that complainant "has been in possession of said land continuously since;" that complainant "has had and now has possession of said land, without opposition or question from any one, and is in the quiet, peaceable and adverse possession of said land to all the world, claiming title thereto," are sufficient to show the possession of the complainant and to negative actual possession of the land by the defendant.

2. Allegations of ultimate facts as to possession of lands, are not contradicted or rendered insufficient by allegations that the complainant "although not living upon said land is frequently thereon, and has the land posted, has had the timber growing thereon worked for naval stores purposes, has the said F. as his agent to look after said land," no adverse possession appearing.

3. A failure to comply strictly with those provisions of tax laws which are intended for the guide of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceeding void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would injuriously affect his rights, they cannot be disregarded, and a failure to comply with them will render the proceeding invalid.

4. The provision of the statute requiring the Clerk of the Circuit Court to mail a copy of the notice of application for a tax deed to the owner of the land, or if the owner be unknown to deliver or mail such copy to the person last paying taxes on the property was intended for the benefit of the land

owner, and a disregard of the provision· when applicable renders the tax deed invalid.

5. The validity of a tax sale certificate and the rights of the holder thereof, other than a governmental agency of the State, are to be determined by the laws in force at the time the certificate is required. A statute subsequently passed cannot constitutionally impair any of the substantial rights secured to a private holder by the existing laws when the certificate was acquired.

6. A statute enacted after the acquisition by a private party of a tax sale certificate, requiring a particular additional notice to be given to the owner of the land before a deed issues on the certificate, when the right to a deed has not become absolute and the giving of the notice imposes no burden upon the holder of the certificate, may not impair any substantial right of the holder of the certificate, and consequently may not be an impairment of the vested property rights or a deprivation of property without due process of law.

7. An applicant for a tax deed who takes it when the authority to execute it has not been exercised as required by mandatory provisions of law, does so at his peril.

8. Where the *prima facie* effect given a tax deed by the statute is overcome, it is the duty of the party claiming under the tax deed to show its validity.

9. Where the Clerk of the Circuit Court does not give the notice of an application for a tax deed in substantial compliance with the statute, the tax deed is void.

This case was decided by Division A.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton,* for Appellant;

*W. K. Zewadski,* for Appellee.

WHITFIELD, C. J.—From a decree cancelling a tax deed as a cloud upon title to real estate the defendants appealed.

The bill of complaint filed April 11th, 1910, alleges that the land was conveyed to the complainant on May 11th, 1903, by Fayette Hawkins, who was in possession of the land under a patent from the United States, and that complainant "has been in possession of said land continuously since; and although not living upon said land, is frequently thereon, and has the land posted, has had the timber growing thereon worked for naval stores purposes; has the said Fayette Hawkins as his agent to look after said land, and the complainant has had and now has possession of said land, without opposition or question from any one, and is in the quiet, peaceable and adverse possession of said land to all the world, claiming title thereto."

It is contended that the above allegations do not show possession of the complainant or negative the possession of the defendant so as to authorize this suit to be brought in an equity court.

Section 1950, of the General Statutes of 1906, provides that "A bill in equity may be brought and prosecuted to a final decree by any person or corporation, whether in actual possession or not, claiming title, legal or equitable, to real estate against any person or corporation not in actual possession, who claims an adverse estate or interest, legal or equitable, therein, for the purpose of determining such estate or interest and quieting or removing clouds from the title to such real estate. It shall be no

bar to the granting of relief to the complainant in such case that the title has not been litigated at law or that there may be only one litigant to each side of the controversy, or that the adverse claim, estate or interest against which such bill is brought is void upon its face, or though not void on its face, require evidence, extrinsic of itself, to establish its validity."

The allegations that the complainant bought the land from Fayette Hawkins its owner and occupant at a given date, and that complainant "has been in possession of said land continuously since;" that complainant "has had and now has possession of said land, without opposition or question from any one, and is in the quiet, peaceable and adverse possession of said land to all the world, claiming title thereto," are sufficient to show the possession of the complainant and to negative actual possession of the land by the defendant, and the particular allegations that complainant, "although not living upon said land, is frequently thereon, and has the land posted, has had the timber growing thereon worked for naval stores purposes, has the said Fayette Hawkins as his agent to look after said land," do not, in view of the evident character of the land, contradict or render insufficient the ultimate fact of possession alleged by complainant; and actual possession by the defendant is necessarily negatived.

The allegations sufficiently show the possession required by the statute as a prerequisite to the maintainance of the suit.

There is ample evidence to sustain the finding that the defendant was not in the possession of the land when the suit was begun.

A failure to comply strictly with those provisions of tax laws which are intended for the guide of officers in

the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifce of his property, and a disregard of them might and generally would injuriously affect his rights, they cannot be disregarded, and a failure to comply with them will render the proceeding invalid.

The provision of the statute requiring the Clerk of the Circuit Court to mail a copy of the notice of application for a tax deed to the owner of the land, or if the owner be unknown to deliver or mail such copy to the person last paying taxes on the property was intended for the benefit of the land owner, and a disregard of the provision when applicable renders the tax deed invalid.

The validity of a tax sale certificate and the rights of the holder thereof, other than a governmental agency of the State, are to be determined by the laws in force at the time the certificate is required. A statute subsequently passed cannot constitutionally impair any of the substantial rights secured to a private holder by the existing laws when the certificate was acquired.

A statute enacted after the acquisition by a private party of a tax sale certificate, requiring a particular and additional notice to be given to the owner of the land before a deed issues on the certificate, when the right to a deed has not become absolute and the giving of the notice imposes no burden upon the holder of the certificate, may not impair any substantial right of the holder of the certificate, and consequently may not be an impairment of the vested property rights or a deprivation of

property without due process of law. See Starks v. Saw-yer, 56 Fla. 596, 47 South. Rep. 513.

The land was sold and a tax sale certificate therefor was issued August 7th, 1899, to defendant's predecessor in interest, for the non-payment of taxes for the year 1898. A deed conveying the land upon the tax sale certifi-cate was executed by the Clerk of the Circuit Court on November 2nd, 1901.

When the tax deed was issued November 2nd, 1901, the statute provided that "no tax deed for lands sold for taxes shall issue until the Clerk of the Circuit Court shall have given at least thirty days previous notice of the ap-plication for a deed by publishing the same once a week in some newspaper in the county" &c. "The Clerk shall also mail a copy of said notice of application for tax deed to the owner of the lands which a tax deed is applied for. If the owner is unknown, then such notice shall be deliv-ered or mailed to the person last paying taxes on said property." "Proof of the publication . . . . . of such notice . . . . . . shall be filed by the Clerk before any tax deed shall be issued." Sections 8 and 9, Chapter 4888, Acts of 1901.

The statute of 1901 in force when the deed was issued, but enacted after the tax certificate was issued, cannot impair any of the substantial contract rights of the holder of the certificate, such as extending the time within which the land may be redeemed. Hull v. State, 29 Fla. 79, 11 South. Rep. 97, 16 L. R. A. 308, 30 Am. St. Rep. 95; Gray v. City of St. Paul, 105 Minn. 19, 116 N. W. Rep. 1111. But the statute in force when the tax deed was issued regulates the manner of giving to the owner of the land notice of the application for the tax deed, since that does not affect any contract rights of, nor impose any addi-tional burdens upon, the holder of the tax sale certificate. Starks v. Sawyer, supra; Curtis v. Whitney, 13 Wall

(U. S.) 68; Herrick v. Niesz, 16 Wash. 74, 47 Pac. Rep. 414; State *ex rel.* National Bank & Security Co. v. Krahmer, 105 Minn. 422, 117 N. W. Rep. 780.

The statutory requirements that notice to the owner of the land of the application of the tax certificate holder for a tax deed thereon shall be given in a stated manner, are intended for the protection of the property rights of the owner of the land. Such requirements are mandatory, and a failure of the officer to substantially comply there with will render the deed void, since the authority to issue the deed must be exercised in the manner definitely prescribed. An applicant for a tax deed who takes it when the authority to execute it has not been exercised as required by mandatory provisions of law, does so at his peril.

There is positive evidence that the owner of the land was living on the land in the county when the deed was issued, and that no notice of the application for a tax deed was received by him. This overcomes the *prima facie* effect given to the tax deed by the statute, and there is no evidence that such notice was in fact delivered or mailed to the owner of the lands. The notice could not have been given to any one as being the person last paying the taxes thereon, as the lands had belonged to the United States and were not assessable for taxes prior to 1898, for which latter year's taxes the sale was made.

It appears that the proof of the publication of the notice of application for a tax deed required by the statute to be filed by the Clerk before the tax deed is issued, does not show a publication for thirty days before the issue of the tax deed, the first publication shown by such proofs filed by the Clerk being October 5th, 1901, and the deed was issued November 2nd, 1901.

The notice of the issue of the tax deed was not given to

the owner of the land in compliance with the mandatory requirements of the law in force when the deed was issued, and as that failure affects material rights of the owner of the land, the tax deed is void. The decree cancelling the tax deed should be so modified by the Chancellor as to require the plaintiff to make recompense to the defendant "for taxes he has paid since said sale with eight per cent. interest," as required by Section 61, Chapter 5596, Acts of 1907, before the tax deed is cancelled. This modification is equitable in view of the delay in bringing this suit and the circumstances of the case.

It is so ordered.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.