J. H. HEMPEL, *Appellant,* v. CONSOLIDATED LAND COM-
PANY AND OTHERS, *Appellees.*

Opinion Filed March 2, 1915.

1. Where the notice of the application for a tax deed is not
   mailed to the owner of the land, or to the person last paying
   the taxes, but to the supposed agents of such owner, and
   the evidence as to the agency wholly fails, the *prima facies*
   of the tax title fails.

2. Where the holder of a tax title does not maintain actual
   possession of the land for the full period, the short statute
   of limitations in favor of tax titles, does not apply.

Appeal from Circuit Court for Polk County; F. A.
Whitney, Judge.

Decree affirmed.

*E. Tucker, Sr.,* for Appellant;

*Wilson & Boswell* and *E. J. L'Engle,* for Appellees.

COCKRELL, J.—A bill was filed by Hempel against
various defendants to quiet title. Upon final hearing his
bill was dismissed and he appeals from this decree.

The bill is uncertain in its allegation as to present
ownership, and as to possession, but we may assume the
sufficiency of these allegations, saying only that the evi-
dence shows that the land was wild and unoccupied. The
complainant's title rests upon a tax deed, issued to him
in 1898, for the 1895 taxes. These lands were assessed
to "Fla. So. R. R. C. H. D.," and the proof is that they
belonged to the Florida Southern Railroad Company, the

initials C. H. D. presumably standing for the Charlotte Harbor Division of that railroad company. Assuming further that this assessment was valid, in the absence of any showing that this Division was a separate entity, and that the owner was known by these abbreviations, there was a fatal defect in the proceedings, in the failure to comply with Section 61, Chapter 4322, Laws of 1895, which reads: "Thirty days prior to the issuing of any tax deed, the clerk of the Circuit Court shall give notice of the application for such deed, describing the lands therein and in whose name the same was assessed, by posting said notice at the court house door and mailing a copy of the same to the owner of said land or the person to whom the same was assessed in case his address is known to the clerk."

This notice was not mailed to the Florida Southern Railroad Company, nor to the Charlotte Harbor Division of that company, though either was easy of access to the clerk; but a copy of notice was mailed to L. N. Wilkie and George Fox. There is nothing to connect George Fox with the tax matters of this railroad company, and as to Wilkie, other than the fact that he was the sales agent for those lands, and that during years, not definitely fixed, he paid the taxes under the authority of his principal. There is nothing to show that he received this notice, or that it ever reached the owner of the land, or the one to whom the land was assessed. In fact, there is nothing to show that the Florida Southern Railroad Company, whose sales agent Wilkie was in 1898, then owned or claimed to own these lands. See Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 South. Rep. 938.

As we have before stated, there was no possession of the land, and the short limitations upon the title has no applicability. Fla. Finance Co. v. Sheffield, 56 Fla. 285.

Decree affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.