[No. 18053. Department Two. February 11, 1924.]

ARTHUR HARPER et al., *Respondents,* v. M. N. HOLSTON et al., *Appellants.*[1]

EJECTMENT (49)—DEFENSES—VALUE OF IMPROVEMENTS—PLEADINGS —WAIVER OF DEFENSE. In an action of ejectment, the partial defense of betterments must be set forth in the answer and tried out as part of the issues of the main case.

APPEAL (493)—DECISION—PROCEEDINGS AFTER REMAND—CORRECTION OF JUDGMENT—WAIVER OF DEFENSE IN EJECTMENT. Where defendants, at a trial in ejectment, waived any right to betterments, they are not entitled, after reversal of a judgment in their favor, to have the matter of betterments adjudicated before entry of judgment on the remittitur.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered October 27, 1922, in favor of the plaintiffs, in an action in ejectment, tried to the court. Affirmed.

*H. J. Snively,* for appellants.

*Holden, Shumate & Cheney,* for respondents.

PER CURIAM.—This is a sequel to the case reported in 119 Wash. 436, 205 Pac. 1062. After the remittitur had been sent down from this court in that cause, the prevailing party prepared a form of judgment and presented it, after notice to the other parties, to the trial

[1]Reported in 222 Pac. 889.

judge as the proper judgment to be entered therein. To the entry of the judgment in the form presented, the defendants Holston objected, contending that they had placed valuable improvements on the real property which was the subject-matter of the controversy and were entitled to have the value of the improvements ascertained and a judgment therefor made a lien upon the property. The court denied the relief sought. The Holstons appeal.

An examination of the record made on the prior hearing will show that no issue was framed or evidence introduced as to the value of the improvements the appellants had placed upon the property. It is true that, in their affirmative answer to the complaint of the plaintiffs, the defendants alleged that they had resided on the premises for over four and one-half years and had "constructed a dwelling and outbuildings" thereon, but they were then contending that the land was public, unsurveyed lands of the United States, and the purpose of the affirmative answer was to show a settlement on the land in good faith under the land laws of the United States, and to show that it was such a settlement as would entitle them to enter the land under such land laws when it should be surveyed by the government and opened to entry.

The appellants no doubt were entitled under the betterment statutes to set forth the value of their improvements in their answer and have a recovery for the relief the statutes afford in such cases. But this was a partial defense to the ejectment statute, denominated by the statute a counterclaim, and the defense, to avail a defendant, must, by the express terms of the statute, be set forth in the answer and tried out as a part of the issues in the trial of the main action.

It is within the right of the parties to determine how much of the issues involved in a particular transaction

they will call upon the court to adjudicate. If the plaintiff has more than one ground of recovery, he may set up all of them, or any number less than all, in his complaint; if a defendant has more than one ground of defense, he may set up all of them, or any number less than all, in his answer. But if but one is set up, the others are deemed waived; this on the principle that the courts will not try the rights of the parties by piece-meal. If a defendant may tender a part of his defense and, after being unsuccessful in that, tender another part, trials would be unduly and needlessly prolonged to the harassment and injury of the other side and to the needless waste of the time of the already over-burdened trial courts.

The case of *Herrick v. Niesz,* 18 Wash. 132, 51 Pac. 346, on which the appellants rely, is differentiated by its facts from the instant case. There the defendant did not make an issue on the collateral question involved and offered evidence to substantiate it, and it was the fault of the court that the matter was not adjudicated in the judgment as rendered. The court in its ruling but required a correction of the error. Here, as we have shown, the issue was not tendered or tried, and it was for that reason waived. Affirmed.