## PILGRIM v. GRANT et al.
### No. 3802.

District Court of Alaska. Fourth Division. Valdez.
Nov. 3, 1938.

Julien A. Hurley, of Fairbanks, for plaintiff.

Cecil H. Clegg, of Fairbanks, for defendants David and John Mutchler.

Chas. E. Taylor, of Fairbanks, for defendant O. M. Grant.

HELLENTHAL, District Judge.

This matter is before the Court upon the oral motion of the plaintiff, made at Fairbanks, Alaska, on September 16th, 1938, asking the Court to fix the attorneys' fee allowed plaintiff in the judgment entered in this cause on May 11, 1936, which judgment, in part, provides: "Now, therefore, it is ordered, adjudged and decreed: (1) That the plaintiff recover from the defendant O. M. Grant (damages). Attorneys fees taxed at $————. (2) That the plaintiff recover from the defendant David Mutchler (damages). Attorneys fees, taxed at $————. (3) That the plaintiff recover from the defendant John Mutchler (damages). Attorneys fees taxed at $————. (7) It is further ordered, adjudged and decreed that the plaintiff recover from each of the defendants, O. M. Grant, David Mutchler and John Mutchler, her costs and disbursements of this action, together with a reasonable amount for her attorney's fee on hearing had at the sum of ———— dollars."

An appeal was taken from the judgment above quoted to the Circuit Court of Appeals, Ninth Circuit. The order

allowing said appeal was signed August 24, 1936. Thereafter on the 16th day of August, 1937, this matter came on in open court at Fairbanks, Alaska, at which time the following stipulation was entered into by and between the respective attorneys for the plaintiff and for the defendants: "Respective counsel having stipulated that the fee of the plaintiff's attorney should be fixed by the Court without evidence being presented, should the judgment of this Court be affirmed by the Circuit Court of Appeals, and counsel for the defendants having not agreed that this Court has jurisdiction to fix the Attorneys' fee, inasmuch as this cause is on appeal."

The appeal was thereafter heard in the Circuit Court of Appeals and an opinion was duly filed in said court on March 16, 1938, 9 Cir., 95 F.2d 562, 573, modifying said decree and affirming the decree of the District Court, as modified, which opinion provides, in part, as follows: "The Decree is modified so as to provide as follows: That the appellant Grant holds one-quarter undivided interest in trust for the appellee in that portion of the extralateral dip of the Wasp lode, which extends in its dip beneath the Irishman No. 1 claim and within the extended end lines of the Wasp claim, all in accordance with the survey and measurements appearing upon the map, Defendants' Exhibit C, as modified by the corrected line connecting the northwest and southwest corners of the Irishman; that a money award be had by appellee against David and John Mutchler each in the sum of $2,046.46, with interest at 6 per cent. per annum (chap. 32, Laws of Alaska, 1935) from date of entry of the decree below, and for costs in the trial against the three appellants, John and David Mutchler and O. M. Grant (defendants in the trial court); and that the said three appellants have their costs on this appeal against the appellee; that there be no money award, aside from costs, against Grant; and, as so modified, the decree is affirmed." Thereafter the mandate was filed in this court.

420

■ ˙ It follows, as a matter of course, that the District Court must enter a judgment on the mandate in accordance therewith and the opinion of the Circuit Court of Appeals.

■ The rule is well stated in 5 Corpus Juris Secundum, Appeal and Error, § 1979b, page 1541, which follows the rule stated in 4 Corpus Juris, § 3292; the rule as stated is as follows: "After remand the lower court must comply with whatever directions are contained in the mandate as to costs; but where simply the liability therefor has been determined by the appellate court the fixing of the several items is for the lower court, although it can award only one bill of costs. Where the mandate is silent as to costs, the matter is left open for determination by the lower court, according to the general rule that costs follow the judgment; although it has been held that the lower court cannot change its original award of costs, that where the judgment entered pursuant to the mandate makes no reference to costs the provisions of the original judgment relating thereto remain in force, * * * ."

The opinion is silent as to attorneys' fee, but expressly provides that the plaintiff is to recover her costs against the three defendants in the trial court. It therefore becomes important to determine whether or not costs include attorneys' fees. If attorneys' fees are included in the costs, it is the duty of the District Court to determine the amount of such attorneys' fees, under the mandate and opinion of the Circuit Court of Appeals herein. If attorneys' fees are not included in costs, the question is whether or not the judgment of the trial court that provides for attorneys' fees is modified by the mandate and opinion of the Appellate Court.

The Compiled Laws of Alaska, 1933, provide, Section 4061: "Costs; Compensation of Attorney. The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment cer-

tain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs."

Section 4065: "What disbursements party entitled to costs may be allowed. A party entitled to costs shall also be allowed for all necessary disbursements * * * ; and a reasonable attorneys' fee to be fixed by the court."

This last clause has since the entering of the Judgment herein been repealed by the Legislature of the Territory of Alaska, by re-enacting said section and not including said clause in said section as re-enacted.

Section 4067: "Costs and disbursements in action of equitable nature. In an action of equitable nature costs and disbursements shall be allowed to a party in whose favor a judgment is given in like manner and amount as in other actions, without reference to the amount recovered or the value of the subject of the action, unless the court otherwise directs."

From the reading of the foregoing sections, it is apparent that if attorneys' fees are allowed in the Territory of Alaska, they are allowed as costs and are included in the term costs, as the term costs is used in the foregoing sections, unless attorneys' fees are provided for in the agreement or contract between the parties, in which event they form part of the obligation and are not allowed as costs.

The matter of the Court's power to assess costs after an appeal and the filing of a mandate of the court below was considered in the case of Romeike v. Romeike et al., 2 Cir., 251 F. 273, page 275: "Per Curiam. In this suit we reversed the decree of the court below in favor of the plaintiff, with costs, and that court, holding it had no discretion upon the subject at all, refused to consider the defendants' application for costs, and simply dismissed the bill. In suits in equity and admiralty, costs being discretionary, when the decree of the court below is reversed or modified by this court, with costs, the costs of this court are meant;

the court below having a discretion as to the costs there, unless the mandate otherwise provides.  *  *  * "

The case of Herrick v. Niesz et ux., 18 Wash. 132, 51 P. 346, is an instructive case as to the interpretation of a mandate' of an appellate court and also has some bearing upon the effect of the stipulation made between parties in this cause.  The syllabus of said case is as follows:

"1.  Where, in an action to cancel tax deed, the complaint alleges that plaintiff is ready and willing to pay defendants all taxes, penalties, interest, and costs paid by them on the property, but the lower court fails to find the amount of taxes paid, for the reason that its decree is in favor of defendants sustaining the tax deed, the decision on appeal directing a decree in favor of plaintiff permits of the lower court including in the decree a judgment for defendants for the taxes, as shown by the evidence.

"2.  Plaintiff in an action to cancel tax deed, is concluded as to the validity of the levy of taxes by allegation in the complaint that he is ready and willing to pay defendants all taxes paid by him on the property."

Considering the foregoing the Court is of the opinion that it has jurisdiction to fix the amount of attorneys' fees and that attorneys' fees are included in the term costs, and that when the opinion of the Circuit Court of Appeals provides that the plaintiff is to recover costs against the defendants, that term includes attorneys' fees.

That One Thousand Dollars ($1,000) is a reasonable attorney's fee in the District Court in the above entitled cause; that it is reasonable that the plaintiff recover Five Hundred Dollars ($500) of said amount from the defendant O. M. Grant, Two Hundred and Fifty Dollars ($250) from the defendant David Mutchler, and Two Hundred and Fifty Dollars ($250) from the defendant John Mutchler.

The court is further of the opinion that the plaintiff's rights are limited by the west side line of the Irishman No. 1 claim, under the opinion of the Circuit Court of Appeals

herein, and that the judgment on the mandate herein cannot include any right within the lines of the Wasp claim, extended vertically downward.

Judgment on the mandate may be prepared and presented in accordance therewith and with the views expressed herein.