[No. 3177. Decided April 22, 1899.]

THE STATE OF WASHINGTON, *on the Relation of E. D. Olmstead, Respondent, v.* GEORGE MUDGETT, *as Treasurer of Spokane County, Appellant.*

CONSTITUTIONAL LAW — UNIFORMITY OF TAXATION — RULE DOES NOT APPLY TO EXPENDITURE OF TAX MONEYS.

The act of March 10, 1897 (Laws 1897, p. 77), which requires the county treasurer to collect such assessments for street improvements as are certified to him by the legislative body of cities of the first class within his county, is not unconstitutional as rendering taxation unequal and ununiform, on the ground that it provides no method of reimbursement to the county for its expense in collecting such assessments, thus tending to throw the burden of cost upon the general taxpayer of the county, whose property is not benefited by the special improvement, since the

constitutional requirement as to equality and uniformity in taxation applies only to the mode and rate of assessment, and is not a restriction upon the legislative power to direct the purposes for which tax collections may be expended.

COUNTIES—COMPENSATION FOR COLLECTION OF CITY TAXES.

Where a law of the legislature has imposed the duty on county treasurers of collecting the taxes for cities of the first class and provided the amount of compensation to be paid therefor by the city to the county, such compensation will be presumed by the courts, in the absence of a showing to the contrary, to be ample and adequate for additional services of a similar nature imposed on the counties by a subsequent law.

Appeal from Superior Court, Spokane County.—Hon.. WILLIAM E. RICHARDSON, Judge.    Affirmed.

*John A. Pierce,* Prosecuting Attorney, for appellant.

*A. G. Avery,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is a proceeding in mandamus instituted by the relator in the superior court of Spokane county against George Mudgett, as county treasurer of that county, to compel him, as such treasurer, to collect a special assessment levied to pay the costs and expenses incurred in making a street improvement in the city of Spokane, and charged against certain real property therein, found to be specially benefited by the improvement.    In answer to the alternative writ served upon him, the county treasurer demurred on the ground "that neither the affidavit, application, nor writ, state facts sufficient to constitute a cause of action."    The lower court overruled the demurrer, and, upon the treasurer's refusing to plead further, ordered that a peremptory writ of mandate issue. From that order the treasurer appeals to this court.

The contention of appellant here is, that the act of March 10, 1897 (Laws 1897, p. 77), in so far as it author-

izes the legislative body of a city of the first class to certify its assessments for street improvements to the county treasurer for collection, and directs the county treasurer to collect the same, is unconstitutional and void, for the reason that it provides no method for reimbursing the county for the cost the county will be compelled to expend in collecting such assessments. The particular provision of the state constitution pointed out by the appellant as being violated by the act in question is § 2, art. 7. He argues that the effect of the act is to compel the general taxpayer of the county, whose property is not benefited by the special improvement, to bear the cost of collecting these assessments, and thus taxation is rendered unequal and ununiform within the meaning of the section cited. We are unable to agree with the appellant in his construction of this provision of the constitution. This section was not intended as a restriction upon the power of the legislature to direct the purposes to which money collected by taxation might be expended, but was intended to secure equality and uniformity in the mode and rate of assessment and taxation—the means employed to supply the treasury.

Whether legislation of this character is obnoxious to the constitution has been decided by this court adversely to the appellant's contention. In *State, ex rel. Seattle, v. Carson,* 6 Wash. 250 (33 Pac. 428), we held constitutional the act of March 9, 1893 (Laws 1893, p. 167), which made the county treasurer of a county in which there is a city of the first class *ex officio* tax collector of all taxes levied by such city, other than special assessments and special taxes for local improvements. It is true that act provided that the city should pay the county treasurer for such services a salary of five hundred dollars, and to the county one thousand dollars per annum for clerk hire. The case, however, was not made to depend upon this fact,

nor do we think it ought to affect the principle decided. But, conceding it material, it would not change the result in the present case. A city of the first class is now required by law to pay to the county one thousand dollars per annum for services rendered it by the county in the collection of taxes. This sum, especially in the absence of a showing to the contrary, will be presumed by the courts to be ample compensation for all such services. See Laws 1895, p. 407; *Mudgett v. Liebes,* 14 Wash. 482 (45 Pac. 19). The cases cited are decisive of the one at bar, and, as we are satisfied with the rule therein announced, the judgment of the lower court will be affirmed.

Affirmed.

GORDON, C. J., and REAVIS, ANDERS and DUNBAR, JJ., concur.