[No. 14689.    Department Two.    July 8, 1918.]

W. P. LAWRENCE, *Appellant*, v. THE CITY OF TACOMA, *Respondent*, MICHAEL DOWD *et al., Defendants.*[1]

TAXATION—FORECLOSURE OF CERTIFICATES—CONDITION PRECEDENT—PAYMENT OF LOCAL ASSESSMENTS. Rem. Code, § 7892-40, requiring the private owner of certificates of delinquency to pay in full all local assessments against the property, or acquire title subject thereto, before commencing action to foreclose the prior lien of the general tax, is a valid enactment that must be complied with.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 26, 1917, upon sustaining a demurrer to the complaint, dismissing an action to foreclose delinquency certificates. Affirmed.

*W. L. Sachse,* for appellant.

*U. E. Harmon* and *Frank M. Carnahan,* for respondent.

MOUNT, J.—In this case the lower court sustained a general demurrer to the plaintiff's second amended complaint. The plaintiff declined to plead further and the action was dismissed. This appeal followed.

The action is one to foreclose delinquent certificates for general taxes and for local improvements, held by the appellant. It appears from the complaint that the appellant, on July 18, 1912, purchased from Pierce county a delinquent tax certificate for general taxes delinquent for the year 1910 on a certain block in the city of Tacoma, and at the same time paid delinquent general taxes for the year 1911, and afterwards paid the taxes up to and including the year 1916. The aggregate of such taxes amounts to something over $1,-

[1]Reported in 173 Pac. 1017.

650. Between the years 1909 and 1913, the real estate upon which the general taxes were levied was included in certain local improvement districts, and assessments were made upon the land to pay for such improvements. All of the assessments for such improvements became delinquent, and the appellant, at different times, became the owner, by purchase from the city of Tacoma, of a number of these delinquent certificates for local improvements, aggregating, with interest, about $3,000. E. J. McNeeley, one of the defendants, purchased two of such certificates amounting to $375. The city of Tacoma is the holder of other certificates of delinquency for unpaid assessments aggregating about $3,000. McNeeley and the city of Tacoma were made parties defendant. It is further alleged in the complaint that the real estate is not of sufficient value to satisfy the general taxes and the local improvement assessments, and that the local improvement assessments are inferior liens to general taxes. The complaint prays that the land be sold for general taxes for the year 1910, subject to subsequent taxes, and that successive sales be made each year, subject to the last assessment for general taxes. The complaint does not show that the appellant has paid in full all the local assessments against the land or any part thereof, and the appellant does not seek to acquire title to the property subject to the local assessments.

This case is controlled by the case of *Holzman v. Spokane*, 91 Wash. 418, 157 Pac. 1086. That was a case where the plaintiff sought to foreclose a certificate of delinquency for general taxes as a superior lien to that of local assessment liens without proceeding as required by § 7892-40, Rem. Code. In that case we held that the section of the statute was a valid enactment "with which respondent must comply in the

foreclosure of his general tax certificate of delinquency.''

That statute provides that, before commencing any action to foreclose the lien of a delinquent tax certificate, the plaintiff must pay in full all local assessments outstanding against the property, or proceed to acquire title to such property subject to certain or all local assessment liens thereon. It is plain from the complaint in this case that the appellant seeks to do neither of these things, but is claiming that the general taxes are superior liens to the local improvement assessments. It is plain from the wording of the statute that, before a foreclosure of a certificate of delinquent taxes may be had by a private owner thereof, it is necessary to pay local improvement assessments, and *vice versa*. This case is controlled by the *Holzman* case, *supra*.

The judgment is therefore affirmed.

MAIN, C. J., HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.