[No. 17596.  Department Two.  May 14, 1923.]

THE CITY OF SEATTLE, *Respondent*, v. FRED EVERETT, *Appellant*.[1]

MUNICIPAL CORPORATIONS (284)—TAXATION (106)—ASSESSMENTS —LIEN AND PRIORITY—RIGHTS OF CERTIFICATE HOLDER. Rem. Comp. Stat., § 9393, requiring the holder of a certificate of delinquency for general taxes to pay all local improvement assessments upon the property, as a condition precedent to an action to foreclose the lien of the certificate, renders the lien of an individual certificate holder inferior in rank to local assessment liens held and sought to be foreclosed by the city; notwithstanding § 9372, providing that the lien of local assessments shall be paramount and superior to all other liens, except a lien for general taxes.

MUNICIPAL CORPORATIONS (284)—IMPROVEMENTS—ASSESSMENTS— LIEN AND PRIORITY. Local improvement tax sales by a city, pursuant to Rem. Comp. Stat., §§ 9377, 9379, leading to the issuance of a deed, take precedence in their inverse order, the last in time of creation being the superior lien, in view of the fact that local assessments are levied in the exercise of the sovereign power of taxation, and are charges *in rem*, the same as general taxes, which take precedence in the inverse order of levy.

Appeal from a judgment of the superior court for King county, French, J., entered January 9, 1922, in favor of the plaintiff, upon overruling a demurrer to the answer in an action to foreclose local assessment liens, tried to the court. Affirmed.

*A. C. MacDonald,* for appellant.

*Walter F. Meier, Hugh R. Fullerton,* and *J. Ambler Newton,* for respondent.

*J. M. Geraghty* and *Alex. M. Winston, amici curiae.*

PARKER, J.—By this suit the city of Seattle seeks foreclosure of liens of local assessments levied by it upon benefited property for the construction of a local street improvement.  Everett was, by the city, made

[1] Reported in 215 Pac. 337.

a defendant with numerous others, the city alleging that he claims some interest in or liens upon the property in question, but that such interest or liens are inferior to the local assessment liens which the city seeks to foreclose. Everett's defense, while containing denials sufficient to put the city to proof of facts showing the validity of its local assessment liens, was principally by way of affirmative defense pleading facts with a view of showing the validity and superiority of general tax and local assessment liens evidenced by certificates of the county and city treasurers issued to him. The city demurred to his affirmative defense, which was sustained by the trial court, when he elected to not plead further. The cause thereupon proceeded to trial upon the city's complaint and Everett's denials of the allegations thereof, which resulted in a decree foreclosing the city's local assessment liens as against Everett's general tax and local assessment liens. From this disposition of the cause in the superior court, Everett has appealed to this court.

The undisputed controlling facts, including those alleged in Everett's affirmative defense, may be summarized as follows: Everett is the owner of certificates of delinquency issued by the treasurer of King county evidencing general tax liens against the property in question, which liens are all for general taxes which became delinquent prior to the time when the liens of the local assessments, sought by the city to be foreclosed in this action, attached to the property in question. Everett is also the owner of certificates of sale issued by the city treasurer of Seattle evidencing local assessment liens against the property in question, which liens are all for local assessments which were levied by the city for the construction of a local improvement, and became delinquent prior to the time

when the local assessment liens now held by the city, sought to be foreclosed, attached to the property in question.     There is no challenge made to the validity of any of the general tax or local assessment liens here in question; our problem being only as to whether or not the local assessment liens sought to be foreclosed by the city are superior in rank to the general tax and local assessment liens held by Everett.

We first inquire as to the relative standing of the liens evidenced by the general tax certificates of delinquency held by Everett.     It is plain that the city's local assessment liens were regularly brought into being, and that this suit seeking foreclosure thereof was begun and waged by the city in pursuance of the provisions of our local improvement act of 1911; Laws of 1911, p. 441, §§ 9352-9425, Rem. Comp. Stat. [P. C. §§ 989, 1061]; the controlling provisions of which, touching our present inquiry, are as follows:

"The charge on the respective lots, tracts, parcels of land and other property, for the purpose of special assessments to pay the cost and expense, in whole or in part of any improvement authorized in this act, when assessed and the assessment-roll confirmed by the legislative body of such city or town in the manner therein provided by ordinance, shall be a lien upon the property assessed from the time said assessment-roll shall be placed in the hands of the officer authorized by law to collect such assessments.     Said lien shall be paramount and superior to any other lien or encumbrance whatsoever, theretofore, or thereafter created except a lien for assessments or general taxes."     Rem. Comp. Stat., § 9372 [P. C. § 1008].

Sections 9377 and 9379, Rem. Comp. Stat. [P. C. §§ 1013, 1015], authorize the city to make sale of property for delinquent local assessments and issue certificates of sale to the purchaser thereof.  Section 9385, Rem. Comp. Stat. [P. C. § 1021], provides for redemp-

tion from such sales, and also for the issuing of deeds to the purchaser of the certificate upon the expiration of the prescribed period for redemption, in the event the owner does not redeem within that time. Section 9386, Rem. Comp. Stat. [P. C. § 1022], authorizes the city to foreclose local assessment liens still held by it after delinquency, by a suit in the superior court, making all owners of property charged by assessment with the cost of any one local improvement defendants in the one action, and authorizing the rendering of separate decrees of foreclosure as against each particular lot or tract for the separate assessment levied thereon. Section 9393, Rem. Comp. Stat. [P. C. § 1028], referring to the remedy of a holder of a general tax certificate of delinquency by a foreclosure suit in court, reads as follows:

"The holder of any certificate of delinquency for general taxes shall, before commencing any action to foreclose the lien of such certificate, pay in full all local assessments or installments thereof outstanding against the whole or any portion of the property included in such certificate of delinquency, or, he may elect to proceed to acquire title to such property subject to certain or all local assessments a lien thereon, in which case the complaint, decree of foreclosure, order of sale, sale, certificate of sale and deed shall so state. If such holder shall pay such local assessments, he shall be entitled to fifteen per cent interest per annum on the amount of the delinquent assessments or delinquent installments thereof so paid, from date of payment."

We are to remember as we proceed that all of these statutory provisions are found in the same act of the legislature, and therefore that each must be read with reference to the others. This is particularly necessary in our present inquiry with reference to §§ 9372 and 9393, Rem. Comp. Stat. [P. C. §§ 1008, 1028],

since § 9372, Rem. Comp. Stat. [P. C. § 1008], read literally and apart from the others, suggests the superiority of a general tax lien over local assessment liens under all circumstances, regardless of the question of priority of time of the creation of such liens, and regardless of whether any of the liens drawn in question be held by a county or a private person; while the above quoted provisions of § 9393, Rem. Comp. Stat. [P. C. § 1028], suggest that such superiority of a general tax lien does not exist in favor of a private holder of a certificate of delinquency evidencing such lien, over a local assessment lien held by a city; especially a local assessment lien held by a city which has come into being subsequent in time to a general tax lien evidenced by a certificate of delinquency held by a private individual. We ignore in our present inquiry the question of the relative rank of these classes of liens as between private certificate holders of delinquency evidencing them. This court, by its decisions in *Holzman v. Spokane,* 91 Wash. 418, 157 Pac. 1086, and *Lawrence v. Tacoma,* 103 Wash. 86, 173 Pac. 1017, has given full force and effect to the provisions of § 9393, Rem. Comp. Stat. [P. C. § 1028], above quoted; deciding, in substance, that the private holder of a certificate of delinquency for general taxes, as a condition precedent to his right to foreclose the same, must either pay all outstanding local assessments against the property, with the privilege of including the amount of such payments in his foreclosure; or elect to proceed with his foreclosure, subject to such local assessment liens. It seems quite clear to us that these restrictions upon the lien rights of a private holder of a general tax certificate of delinquency, found in § 9393, Rem. Comp. Stat. [P.C. § 1028], constitute exceptions to the general statement found in § 9372, Rem.

Comp. Stat. [P. C. § 1008], that "said lien shall be paramount and superior to any other lien or encumbrance whatsoever, theretofore or thereafter created, except a lien for assessments or general taxes." We conclude that Everett's general tax liens, evidenced by the certificates issued to him by the county treasurer, are inferior in rank to the local assessment liens held by the city and sought to be foreclosed in this action.

We next inquire as to the standing of the liens evidenced by the local assessment delinquent sales certificates held by Everett. These, we assume, were issued upon sales made by the city treasurer in pursuance of Rem. Comp. Stat., §§ 9377 and 9379 [P. C. §§ 1013, 1015], looking to the ultimate issuing of a deed thereon by the city treasurer, as contemplated by Rem. Comp. Stat., § 9385 [P. C. § 1021]. Putting aside for the moment the possibility that the city's lien rights are superior to those of Everett, at all events, because of the required conditions precedent to the exercise of Everett's lien rights, prescribed by the provisions of Rem. Comp. Stat., § 9385 [P. C. § 1021], we think their relative rank may in this case be determined by the relative time of their creation. This court has many times held that the levying of local assessments of this nature is the exercise of the state's sovereign power of taxation; *Seattle v. Hill,* 14 Wash. 487, 45 Pac. 17, 35 L. R. A. 372; *Malette v. Spokane,* 77 Wash. 205, 222, 137 Pac. 496, Ann. Cas. 1915D 225, 51 L. R. A. (N. S.) 686; *Carstens & Earles v. Seattle,* 84 Wash. 88, 96, 146 Pac. 381, Ann. Cas. 1917A 1070; *State ex rel. Case v. Howell,* 85 Wash. 281, 147 Pac. 1162; *Everett v. Adamson,* 106 Wash. 355, 180 Pac. 144; and has also adopted the generally prevailing rule that general tax liens are superior in the inverse order to that of other

liens as to time; that is, that the last in time, instead of the first in time, is superior. *Whatcom County v. Black*, 90 Wash. 280, 155 Pac. 1071. As to whether or not this rule applies to local assessment liens as between different holders thereof, there seems to be a conflict of authority. Since, however, local assessments are levied in the exercise of the sovereign power of taxation, and under our system are charges wholly *in rem,* as are our general taxes, it is indeed difficult for us to understand why the same rule of priority as to time should not apply to such assessments as is applicable to general taxes, as between different holders of such assessment liens, in the absence of some statutory rule providing otherwise. The question has been learnedly reviewed in the comparatively recent decision of the supreme court of California in *Woodill & Hulse Electric Co. v. Young,* 180 Cal. 667, 182 Pac. 422, 5 A. L. R. 1296, and in the note at page 1301 of the last cited volume, where we think it is well demonstrated that this is the correct view of the law. It seems plain that we do not have any statutory rule of priority which in the least impairs the city's right to successfully claim superiority of its local assessment liens because they are last in time of creation, whatever may be said as to the changing of that rule by our statutory provisions, as between different private holders of such liens.

The decree of the superior court is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.