[No. 19110.   Department One.   February 14, 1925.]

THE INVESTMENT COMPANY, *Respondent*, v. THE CITY
OF TACOMA *et al.*, *Defendants*, D. PHELPS,
*Appellant*.[1]

MUNICIPAL CORPORATIONS (284)—TAXATION (106)—LOCAL ASSESS-
MENTS—LIEN AND PRIORITY—RIGHTS OF BOND HOLDER—FAILURE OF
CITY TO FORECLOSE. In view of Rem. Comp. Stat., § 9404, providing
that the holder of local improvement bonds may foreclose the lien
thereof, if the city shall fail or neglect to do so, a city having a
lien for unpaid local assessments which is superior to the lien of
a delinquent general tax certificate in the hands of an individual,
cannot convert the same into an inferior lien by refusing to enforce
the same on the demand of the bondholder, who may thereupon
foreclose the lien as a superior lien.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered July 31, 1924, in favor
of the plaintiff, upon sustaining a demurrer to the an-
swer, in an action to foreclose special assessment liens,
tried to the court. Affirmed.

*F. Campbell* and *Frank D. Nash*, for appellant.

*Poe, Falknor, Falknor & Emory*, for respondent.

ASKREN, J.—This is an action brought to foreclose
the lien of certain bonds issued by the city of Tacoma
in 1909 for the improvement of Tacoma avenue from
South Seventeenth to South Twenty-seventh street.
Among others named as defendants in the action, were
Pierce county and D. Phelps, agent. The complaint al-
leged that the defendant Phelps claimed some interest
in the property against which foreclosure was sought,
but alleged that any rights which he had were junior
and inferior to those of the plaintiff. The defendant
Phelps answered and set up as a defense that he was
the owner of certain delinquent certificates of general

[1]Reported in 233 Pac. 287.

taxes which accrued subsequently to the special assessment for which the bonds held by plaintiff were issued, and prayed that his lien be declared superior. The plaintiff demurred to the answer, and upon the demurrer being sustained by the superior court, the defendant elected not to plead further, and judgment was entered in favor of the plaintiff. At the time of offering formal proof, it was agreed that the lien for general taxes held by Pierce county as the owner was superior to that of the plaintiff, and that the plaintiff's foreclosure would be subject to that right.

Plaintiff also offered evidence showing that it was the owner of the bonds in question, that the same were due and unpaid, that it had requested the city of Tacoma to bring an action to foreclose on the bonds, and that the city of Tacoma had refused to proceed.

It is the contention of the appellant that both of the parties are private holders of liens against the property, and that either party to the action must, in bringing its suit to foreclose under its lien, elect to foreclose subject to the rights of the other party, or pay the same before suit is brought. Section 9393, Rem. Comp. Stat. [P. C. § 1028], requires the holder of a certificate of delinquency for general taxes to pay in full all the local assessments outstanding against the property, or foreclose subject to them. In *Seattle v. Everett*, 125 Wash. 39, 215 Pac. 337, this court held that the lien for special assessments was superior to the lien for general taxes, where the lien for special assessments was held by the city and the lien for general taxes held by an individual, giving effect to the distinction that, while the lien for general taxes during the time it is held by the county is a superior lien to that of local assessments, yet when it has passed into the hands of a private party it loses its superior rank.

In *Seattle v. Equitable Bond Co.*, 126 Wash. 111,

217 Pac. 721, the city of Seattle brought an action to foreclose on delinquent local assessments against certain property, and the defendant set up as a defense that it was the holder of general tax certificates of delinquency. In that case we reaffirmed the doctrine of *Seattle v. Everett, supra,* and emphasized "the limited character of the lien right acquired by the purchaser of a general tax certificate of delinquency and the inferiority of such lien right so acquired to the city's valid local assessment lien still held by it." It is the contention of respondent that it stands in the same position as if the city of Tacoma were the plaintiff in this action and were seeking to foreclose the local assessments. The statute which permits the plaintiff to wage this action is § 9404, Rem. Comp. Stat. [P. C. § 1039], and is as follows:

"If the city or town shall fail, neglect or refuse to pay said bonds or to promptly collect any of such assessments when due, the owner of any such bonds may proceed in his own name to collect such assessment and foreclose the lien thereof in any court of competent jurisdiction, and shall recover in addition to the amount of such bonds and interest thereon, five per centum, together with the cost of such suit. Any number of holders of such bonds for any single improvement may join as plaintiffs and any number of owners of the property on which the same are a lien may be joined as defendants in such suit."

It will be seen from a reading of the statute that it became the duty of the city to collect the assessments and apply the same upon the bonds. This is exactly what the city did in the case of *Seattle v. Equitable Bond Co., supra.*

It is plain that if the city of Tacoma had instituted this action to foreclose the lien of the bonds, we would, under our previous holding, decide that the right of the local assessment was superior to that of the general

tax certificate in the hands of a private owner. Does, then, the failure of the city to bring an action, thus compelling respondent to institute this action to protect its rights, take it from the class where it has a superior lien and place it upon the same footing as a private holder of a delinquent general tax certificate? We think not. It is manifest that the provision of the statute was to allow the bondholder the right to maintain an action to protect his bonds, and not leave him subject to the whim or caprice of public officials who for any reason might refuse to take the necessary steps in his behalf. To hold that the city of Tacoma, by refusing to bring the action, can convert the lien of the plaintiff, which is a superior lien, into an inferior lien, or a lien even upon a par with that of the appellant, or, by failure to act, in any wise reduce the quality of the plaintiff's lien, would be unjust. It follows, therefore, that the plaintiff has a superior lien to that of the defendant, and that the judgment of the superior court was right.

Affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and PARKER, JJ., concur.