[No. 20353.  *En Banc.*  April 15, 1927.]

THE STATE OF WASHINGTON, *on the Relation of City of Spokane, Appellant,* v. G. F. DEGRAFF, *as Treasurer for Spokane County, Respondent.*[1]

[1] CONSTITUTIONAL LAW (100)—GRANT OF SPECIAL PRIVILEGES OR IMMUNITIES—TO MUNICIPAL CORPORATIONS. Rem. 1927 Supplement, § 9393, providing that any excess proceeds of land sold for taxes shall be applied to discharge local improvement assessments levied by a city, and giving the city the right to redeem the lands so sold, is not violative of Const. art. 1, § 12, prohibiting the granting of special privileges or immunities which shall, upon the same terms, belong equally to all citizens and corporations; since the municipal corporation, in levying local improvement taxes, acts in a governmental capacity and not as an individual.

[2] SAME (100)—COUNTIES (68)—FISCAL MANAGEMENT—LIMITATION ON USE OF FUNDS—POWERS. Constitutional limitations were not intended to apply to the right of the state as to penalties imposed for tax delinquencies, or to the disposition thereof, or the powers of counties delegated to act as an arm of the state in enforcing the same.

[3] STATUTES (41)—REPEAL BY IMPLICATION. Where an act contains a schedule of the acts repealed thereby, without any mention of a specified act, the principle of implied repeal of such act does not apply.

[4] CONSTITUTIONAL LAW (42)—EXECUTIVE POWERS—ENCROACHMENT ON JUDICIARY. It is not a violation of that portion of the constitution vesting judicial powers in the courts for the legislature, in the exercise of the sovereign right of taxation, to delegate to a city the right to redeem from a county tax sale, upon full payment of the general tax, in order to protect its local assessment lien.

[5] STATUTES (83, 84) — RETROACTIVE CONSTRUCTION — REMEDIAL STATUTES. The amendment in 1925 of the tax law [Rem. 1927 Supplement, § 9393], providing that any excess proceeds of land sold for general taxes shall be applied to discharge local improvement assessments levied by cities, and giving the cities the right to redeem the land so sold, must be given a retroactive

[1]Reported in 255 Pac. 371.

construction so as to apply to past tax foreclosure proceedings;
in view of the purposes of the act and the apparent legislative
intent.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered October 8, 1926,
upon findings in favor of the defendant, in mandamus
to compel a court to allow a city's redemption of lands
from a county tax sale. Reversed.

*J. M. Geraghty* and *Alex. M. Winston,* for appellant.

*C. W. Greenough* and *A. O. Colburn,* for respondent.

*Thomas J. L. Kennedy, Arthur Schramm,* and
*J. Ambler Newton, amici curiae.*

FRENCH, J.—The following finding of fact made by
the trial court we think sufficiently states the case:

"The city of Spokane, desiring to redeem certain
land from certain delinquent general taxes pursuant to
chapter 170, Laws of 1925, Extraordinary Session, ten-
dered to the county treasurer the face of such tax with
the costs of sale and without penalty or interest, and
demanded a certificate of redemption which the treas-
urer refused and this action resulted to compel the
treasurer to issue such certificate. There is no dispute
as to the facts, but counsel for defendant maintain that
the legislative act referred to is unconstitutional and
void and hence compliance therewith cannot be re-
quired. The act in question is an amendment of sec-
tion 9393, Rem. Comp. Stat. That section provided,
among other things, that in case any property was
struck off to the county for general taxes and was later
sold by the county the proceeds of such sale should be
applied first to discharge in full the lien for general
taxes, then to discharge all local assessment liens upon
the property, the surplus, if any, to be distributed
among the proper county funds. The amendment prac-
tically re-writes this section and thus when property
is struck off to the county and there are unpaid local
improvement assessments against it the city has the

right at any time before the county has sold the property to redeem such property from the lien of general taxes plus the costs of foreclosure, and without penalty or interest." [See Rem. 1927 Sup., § 9393.]

This act is questioned on the ground that it violates § 12, Art. I, of the state constitution, providing that no law shall be passed granting to any citizen, class of citizens or corporation other than municipal, privileges or immunities which, upon the same terms, do not equally belong to all citizens or corporations.

It is also claimed that it violates § 28, Art. II, of the state constitution relative to the assessment and collection of taxes, and extending the time for the collection thereof.

It is also claimed that it is in violation of § 1, Art. IV, of the state constitution, which provides that the judicial powers of the state shall be in the supreme court, the superior courts, justices of the peace, and such inferior courts as the legislature may provide.

It is also claimed that it is superseded and annulled by ch. 130 of the Laws of 1925, p. 227 [Rem. 1927 Sup., §§ 11097-1 et seq.]; that it violates § 19, Art. II, of the state constitution which provides that no bill shall embrace more than one subject and that it shall be expressed in the title.

Section 9393, Rem. Comp. Stat. [P. C. § 1028], of which the act in question is amendatory, has been heretofore carefully considered by the court and has been held constitutional in every particular, so that the last objection raised is no longer an open question in this state. *Holzman v. Spokane,* 91 Wash. 418, 157 Pac. 1086; *Everett v. Morgan,* 133 Wash. 225, 233 Pac. 317; *Perkins v. Kennewick, post* p. 691, 254 Pac. 458.

[1] Passing to the first objection, namely, that the act in question violates § 12, Art. I, of the state constitution, we think it is sufficient to say that we are

dealing here with the rights of municipal corporations acting not in their private character, because the levy and collection of local improvement assessments is a branch of the sovereign power of taxation, and is therefore public in character. In *Seattle v. Hill,* 14 Wash. 487, 45 Pac. 17, 35 L. R. A. 372, this court said:

"Assessments levied for the improvement of a street are based upon the same sovereign power which is asserted in the levying of general taxes."

And further on in the same opinion:

"It seems to us to follow that the assessments for such improvements are put upon the same footing as general taxes upon real estate, and the liens created by such assessments have precisely the same force and effect."

See, also, *State ex rel. Olmstead v. Mudgett,* 21 Wash. 99, 57 Pac. 351; *Lawrence v. Tacoma,* 103 Wash. 86, 173 Pac. 1017; *Seattle v. Algar,* 122 Wash. 367, 210 Pac. 664; *Seattle v. Everett,* 125 Wash. 39, 215 Pac. 337; *Carstens & Earles v. Seattle,* 84 Wash. 88, 146 Pac. 381, Ann. Cas. 1917A 1070; *State ex rel. Case v. Howell,* 85 Wash. 281, 147 Pac. 1162; *Seattle v. Equitable Bond Co.,* 126 Wash. 111, 217 Pac. 721.

In the *Holzman* case, *supra,* this court said:

"The extent to which taxes, whether general or special, shall become liens upon property and the relative rank of such liens is purely a question of legislative will."

We think it necessarily follows that whatever privileges or immunities are granted by the act in question, being granted as they are to a municipal corporation, exercising the sovereign right of taxation, are exempt from the constitutional prohibition.

[2] In discussing the other objections, it should be remembered that the county is but an arm of the state,

created by the state for the advantage of the people of the particular county and of the state generally; that the powers of the county are the powers of the state, and the duties of the county are the duties of the state.

"A county is a governmental agency or political subdivision of the state, organized for the purpose of exercising some given function of the state government." *County of San Mateo v. Coburn,* 130 Cal. 631, 63 Pac. 78.

See, also, *Madden v. Lancaster County,* 65 Fed. 188; *Askew v. Hale County,* 54 Ala. 639; 15 C. J. 292, and cases cited.

"It will be observed that the legislature, and not the municipality, fixes the date of the delinquency and the interest charge; in other words, creates the delinquent fund arising from this source. In tax laws, penalties proper and interest charges are imposed for mere delinquencies in order to hasten payment. The general law of the state imposes this charge as a penalty for neglect to pay the tax in due season. The fund arising from this source is created by the legislative act of the sovereign state, and it follows that the legislature has a right to dispose of this fund to the same extent as other fines and penalties arising from the violation of other laws of the state." *New Whatcom v. Roeder,* 22 Wash. 570, 61 Pac. 767.

In view of what we have said we think it is plain that the constitutional limitations stated by respondent were never intended to apply to the state in administering the affairs of the state through the agency of the counties.

[3] Again, it is contended that the act is superseded by ch. 130, Laws of 1925, p. 227, which is a general recodification of the taxation laws of the state. Chapter 130 was enacted by the 1925 legislature prior to the enactment of ch. 170 (Laws of 1925, p. 470), the act in question in this case. Section 138 of ch. 130 (Laws of

1925, p. 319), contains a schedule of acts and parts of acts which were repealed. In no place does it mention Rem. Comp. Stat., § 9393, therefore, under the well known principles of statutory construction, where a schedule of statutes repealed is contained in an act the doctrine of implied repeal does not apply. Lewis' Sutherland on Statutory Construction, vol. 1, p. 568; *Sales v. Barber Asphalt Paving Co.*, 166 Mo. 671, 66 S. W. 979.

[4] We are unable to follow counsel in the argument that the act is in violation of that portion of the constitution vesting judicial powers in the courts of the state. We think it clearly within the power of the legislature to permit a city, in the exercise of its sovereign right of taxation, to take over from the county property upon the payment of the full amount due the county on such property. The sovereign power of the state which in the first instance created the local assessment lien, certainly has the right to revive the same as against any agency of the state, and to permit the same to be paid by the municipality without its being in any way an infringement upon the powers of the courts.

[5] It is also contended that the act cannot apply to past tax foreclosures such as are involved in this case. While it is true that, generally speaking, legislative acts are not retroactive in their character, yet general words in remedial statutes may be applied to past transactions, if it is apparently in accord with the legislative intent. In construing this act, we should have in mind the purpose which apparently actuated the legislature in passing the same. It is seemingly three-fold: First, to secure to the county and its subdivisions the amount of money actually due; second, to secure to the municipalities of the state the full amount of their claims; and third, to aid and assist in the up-

building of their credit by enabling them to collect their claims.

Considering carefully the original act, and the construction which this court has placed upon it; remembering the purpose for which the amendment was enacted, and the results it was hoped would be obtained therefrom; and bearing in mind that the primary object of all laws relative to taxation is to procure revenues for the state and its political subdivisions, and that the taking of title by the county is a mere incident thereto, we think it is apparent that this act was clearly intended to cover the situation presented by this case. *Clark v. Kansas City, St. L. & C. R. Co.*, 219 Mo. 524, 118 S. W. 40, contains many apt expressions and illustrations covering the point which we are here discussing, and amply supports our conclusions that the words of the statute refer to the transactions set forth in the instant case. This view is further fortified by a careful consideration of the following cases: *Herrick v. Niesz*, 16 Wash. 74, 47 Pac. 414; *Everett v. Adamson*, 106 Wash. 355, 180 Pac. 144; *Lawrence v. Tacoma*, 103 Wash. 86, 173 Pac. 1017; *Holzman v. Spokane*, 91 Wash. 418, 157 Pac. 1086; *New Whatcom v. Roeder*, 22 Wash. 570, 61 Pac. 767.

Being unable to say that it clearly appears that any constitutional provision has been violated either in the enactment of the act complained of, or in the results to be obtained thereby, and having in mind the familiar rule that it is the duty of the court to uphold the constitutionality of acts of the legislature where possible, we are forced to the conclusion that the decision of the lower court is wrong. It is therefore reversed.

Main, Mitchell, Fullerton, Parker, and Askren, JJ., concur.

TOLMAN, J. (dissenting)—The ultimate purpose of the act is to protect and benefit holders of bonds pay- able only from special assessments. The city is not liable thereon and it acts only for the benefit of the bondholders, therefore the act grants privileges to the bondholders in contravention of the constitution. I therefore dissent.

MACKINTOSH, C. J., concurs with TOLMAN, J.