## Crumley, Jones & Crumley Co. v. Hermann.

(Decided May 19, 1933.)

ERVIN L. BRAMLAGE for appellant.
CHARLTON B. THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from the judgment of the Kenton circuit court, holding that, where two assessments, for a street and water main construction respectively, were levied against the same property at different times, the assessment first levied is superior, or that priority in time controlled.

From this judgment, the appellant, Crumley, Jones & Crumley Company, as the holder of the water main lien (secondly levied upon the property), has appealed, contending that the court erred in not adjudging the two liens levied at different times, under the authority of the same statute and upon the same property for the two improvements, to be equal and to ratably share in the proceeds of the sale of the abutting property.

The sole question here presented for our review is the legal one as to whether or not there exists priority as between these special assessment liens, created in different years by a municipality of the sixth class under authority of section 3706 of the Kentucky Statutes against the same property, or should the several assessment lienholders, in the event of default in the payment of either assessment, share equally in the proceeds of a judicial sale had to enforce collection?

The facts of this case are not in dispute, and are alike summarized by the parties in their briefs as follows: This suit involves property abutting on Eastern avenue in the town of Elsmere, a municipality of the sixth class, in Kenton county, Ky. Both liens are asserted against the same property. The ordinance ordering the construction of Eastern avenue with concrete on the ten-year bond plan was adopted in March, 1929, the improvement completed in December, 1929, and accepted by the board of trustees and the assessing ordinance adopted, and bonds of the town issued for the cost of the improvement.

During the following July, 1930, the board of trustees adopted an ordinance ordering the improvement of Eastern avenue in the said town by constructing a water main in the said street. This improvement was likewise ordered made on the ten-year bond plan. The appellant, Crumley, Jones & Crumley Company, was awarded this contract and completed the work in November, 1930, and it was accepted by the board of trustees, which issued the bonds of the town for the cost of

this water main improvement. Likewise the assessment ordinance was thereafter adopted and passed, creating a lien against the property fronting on Eastern avenue to secure the payment of said bonds.

The appellee, Edward Hermann, is the owner of some $8,000, out of a total of some $18,000, of the bonds issued to pay the cost of the first street paving improvement. The appellant, Crumley, Jones & Crumley Company, is the owner of some of the bonds issued to pay the cost of constructing the second water main improvement.

The property of the defendant Kraus fronted on Eastern avenue when both improvements were made. The first installment of the street assessment against this property fell due in December, 1930, and became delinquent at the end of the month. The town of Elsmere taking no steps to enforce the payment of the assessment, Edward Hermann, as the owner and holder of $8,000 of these street improvement bonds, on December 14, 1931, brought this action to enforce the lien against the property of the defendant Kraus. The action was brought, the petition recites, for the benefit of the plaintiff and all other holders of the Eastern avenue street improvement bonds. The town of Elsmere was joined as defendant, as was also the appellant, Crumley, Jones & Crumley Company. The latter filed its answer and cross-petition, wherein it set out and declared upon its water main lien against the property. No defense was made by the property owner to either claim, and a judgment and order of sale was rendered, giving the street improvement bondholders a first lien on it.

It appears that the defendant Kraus owned a large number of lots on the improved street, the street assessment against them being for more than $7,000. At the master commissioner's sale thereof, Edward Hermann, the plaintiff below, was the only bidder, who bought in all the lots for the benefit of himself and other owners of the street improvement bonds. They brought less than the street assessment. The appellant made no bid, the judgment having given it only a second lien for its water main improvement bonds.

The appellant appeals from that part of the judgment which places its lien second and seeks to have its

lien adjudged either prior to the street improvement lien, or, at least on a parity with it, insisting that the lower court's adjudging the appellee's lien to be first or superior to its lien is contrary to law and should be reversed.

These two improvements of Eastern avenue here involved were each made under section 3706 of the Kentucky Statutes. This section of the town's charter, after providing for the procedure for such improvements and the method of assessing the property benefitted, further provides, so far as applicable to this question, for a lien as follows:

"The assessments herein provided for under the provisions hereof, together with the interest accruing thereon, shall be a lien upon the property fronting or abutting or bordering upon the streets or improvement, from the date of the passage of the ordinance ordering the improvement made, and shall remain a lien until fully paid off, including interest and costs, having a precedence over all other liens, and said lien shall not be defeated or postponed by any judicial sale, or by any mistake in the description of the property or in the name or names of the owners thereof."

It is to be noted that the language of this quoted part of the statute is that "the assessments * * * shall be a lien upon the property * * * from the date of the passage of the ordinance ordering the improvement made, and shall remain a lien until fully paid off, * * * having a precedence over all other liens." Under ordinary principles of construction, this quoted language might well be interpreted by a prospective bidder on a street improvement as to preserve his lien therefor "against encroachments by future improvement liens." The appellee very forcefully argues to such effect, that, while it is true that the language of the statute, "precedence over all other liens," applies to all assessments made under the section, yet that different and various improvement liens cannot all have precedence over other liens of the same kind; and therefore, if the precedence given in the statute is to be given any force or meaning, it must operate in favor of the first improvement lien to which it attached, and that, if the General Assembly had meant that the lien first imposed should

be subject to further impairment, it.would have said so. The bidder on the first improvement would then be acting with his eyes open. In the absence of a specific provision to the contrary, he was entitled to believe that his claim would remain first. He contends that such construction of the statute works no injustice and is the only fair one, and that in the present case, before bidding on the street improvement, the contractor doubtless examined the town's records and found no prior improvement liens; that on the discovery of such condition he bid, and in so doing he relied on the security which a reasonable construction of the statute appeared to give him. On the other hand, he contends, when the appellant examined the record, he found the street improvement lien already in effect, and he was not then compelled to bid on the water main contract, but of his own volition did so. Therefore he should be held to have done so in the belief that the property, by being so improved, was sufficient to pay for both improvements.

The decisions of some of our sister states, construing substantially similar statutes as section 3706, Kentucky Statutes, are in very marked and striking conflict on this point.

In the case of City of Seattle v. Everett, 125 Wash. 39, 215 P. 337, it was held that local improvement tax sales by a city, pursuant to its statute leading to the issuance of a deed, take precedence in their inverse order, the last in time of creation being the superior lien, in view of the fact that local assessments are levied in the exercise of the sovereign power of taxation and are charges in rem, the same as general taxes, and take precedence in the inverse order of levy.

The holding of this case was later criticized and overruled by the same court in the later case of Hollenbeck v. Seattle, 136 Wash. 508, 240 P. 916, 917, where the court said:

> "The rule of inverse priority is based upon the imperative necessity of collecting revenue for the support of the government. Annual levies are made for the purpose of providing funds for current expenditures, and a failure to collect current revenues might destroy the very government itself. Hence the rule is one of necessity, and should not

be extended beyond what necessity requires. Moreover, special assessment liens are to be differentiated from general tax liens by the fact that the lien is created upon the theory that a corresponding benefit attaches to the property assessed, and the improvement is constructed upon the sole credit of the property benefited.''

The opinion concludes with stating that, under the terms of the statute involved, ''the legislature intended all special assessments to be on an absolute equality.''

Appellant insists that the rule of parity of lien, as announced in the Hollenbeck Case, supra, should be here applied, upon the ground that each improvement ordered by the board of trustees enhances the value of the property to the extent of the value of the improvements, and the liens created for the payment of the improvements should be therefore on a parity.

We are not, however, very favorably impressed with the force of this argument, which we find well answered in the case of Charles City v. Ramsay, 199 Iowa, 722, 202 N. W. 499, 501, where the court, in discussing the contention that a second improvement added to the security of an earlier lien, and therefore both liens should be on a parity, said:

''It may be thought, as counsel in substance asserts, that the benefit to the property of the later improvement would add to the security of the earlier lien and make it as safe in the second place as it was originally in the first. It is hardly necessary to say that the immediate benefit to property from improvements of this kind is in many instances more fanciful than real. In the present case the cost of the improvement seems to exceed the value of the property after the work is done. * * * But however this may be, if the paving benefited the real estate in question by increasing its price, there is quite as much justice in compelling plaintiff to rely upon this for his security, as for holding that such fact will support the right to displace the lien of the intervener.''

And further added:

''Thus viewing the statute, we had this identical question before us in the case of Des Moines Brick

Mfg. Co. v. Smith, 108 Iowa, 307, 79 N. W. 77, and we there held that under such circumstances the maxim of 'first in time, first in right' applies. In other words, as between two conflicting claims, like these at bar, the lien first perfected will have the superior right, and we have no disposition at present to recede from the position taken in that case.''

The holding of this Iowa case was later adopted and approved in the case of Parker-Washington Co. v. Corcoran, 150 Mo. App. 189, 129 S. W. 1031, where the question presented and decided was between the priority of two special improvement liens against the same property for different improvements. Priority was adjudged to the first lien in point of time. The arguments in favor of priority for the junior lien were that ordinary tax liens take precedence in the inverse order, and that subsequent improvements enhance the security of the first lien. In disposing of these arguments, the court said:

"We believe both of these arguments to be insufficient to postpone the lien of the senior to that of the junior tax bill representing subsequent improvements, for it must be remembered that the junior bill represents improvements voluntarily made with full knowledge of the lien existing in favor of the first.''

It may be noted, however, that the rule as announced in this Parker-Washington Co. Case, supra, was, by a later decision of the Missouri court, changed by a majority opinion of four to three, holding that improvement liens had priority in the inverse order of their creation, following the analogy of tax liens, with which the minority opinion vigorously dissented upon the grounds that there was no real analogy between improvement and general tax liens.

However, a consideration of the authorities cited, as well as others found by us, leads us to conclude that the priority rule announced in the cited cases, that the lien which is prior in time gives a prior claim, entitled to satisfaction out of the subject-matter before other subsequent liens upon the same property, is the better considered and rightful one, and the same is accordingly approved and adopted as being supported by the better reasoning, and better accords with the long-es-

tablished equitable principle and maxim that between those whose equities are equal the one who has the prior equity should prevail.

In the instant case, when the bid was made for the nrst street paving improvement, directed made under the provisions of section 3706 of the Statutes, the bidder for the work was warranted in bidding for it to conclude that he was securing for his work an assessment lien which the language of this section gave him, which was that it should remain a lien upon the abutting property until fully paid off, with precedence over all other liens thereon for its payment, and he was not required to anticipate the priority of lien thus secured by him would later be lost or impaired by later special assessments made upon the property for subsequent improvements. Both fair treatment and sound legal principles, it would seem, require that the statutory lien thus given the bidder to secure the payment to him of the agreed cost of the improvement should not be violated by giving to other assessment liens upon the same property, for later order improvements, precedence over or even parity with the prior lien, especially where, as here, it is bottomed upon the express assurance given him by the statute, that it should "remain a lien until fully paid off, having a precedence over all other liens." The first assessment lien, therefore, should be held to be such and preserved in full effect and force as a lien having precedence until paid.

The holding of the learned chancellor being consonant and in harmony with this our conclusion and with the reasons therefor as hereinabove given, it must follow that the judgment should be, and is, affirmed.