[No. 3247.   Decided July 15, 1899.]

# R. H. GREELY, *Appellant,* v. GEORGE O. NEWCOMB, *Respondent.*

APPEAL—REVIEW—DISCRETIONARY MATTERS.

The discretion of the lower court in extending the time in which appellant may file his proposed statement of facts will not be disturbed on appeal.

SAME—INCOMPLETE RECORD—ADMISSIBILITY OF EVIDENCE.

Where the statement of facts does not contain all the evidence relating to an issue, the supreme court will not pass upon an exception to the admission of certain evidence, when its admissibility might have been established by the omitted evidence.

INSTRUCTIONS—WHEN PROPER—MATTERS IN ISSUE.

Where defendant, in an action to recover upon certain promissory notes payable in hay, to be delivered at a given point, has set up as an affirmative defense a subsequent agreement modifying the contract to the effect that the defendant was to keep the hay due plaintiff until he sold his own and then account to the latter for the proceeds, which defense defendant introduced evidence tending to support, an instruction was proper which charged the jury that if they should find from the evidence that defendant had not disposed of the hay, then they should find for defendant.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*R. L. Edmiston* (*W. J. Birdsall,* of counsel), for appellant.

*S. ·C. Hyde* and *James Dawson,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—A motion to strike the statement of facts is made upon the ground that the extension of time in which to file the proposed statement was not based on substantial reasons, and that the superior court should' not have granted such extension. But the reasonableness of the grounds of the motion was presented to the superior court, and its discretion to grant the order will not be disturbed here. Respondent's motion to strike appellant's brief because no assignment of errors is stated therein has much force, and it is only by the most liberal intendment that any particular specifications of error can be gathered from the brief, while considerable space is devoted to the argument of objections to the admission of testimony and to alleged instructions of the court. The statement of facts, which appears to be in the nature of a bill of exceptions, shows only two errors which can be considered. The complaint alleges three causes of action on three promissory notes. The first note was dated December 15, 1894, and payable in eleven months thereafter, for the sum of $100. The other two notes were payable in hay, or its equivalent in lawful money of the United States, and the hay was to be delivered, in payment of one, on or before November 15, 1895, at a specified landing on the St. Joe river, in Shoshone county, Idaho. The other note, also payable in hay, or its equivalent in money, was to be delivered at the same landing on or before November 15, 1896. The answer alleged payment of the first note, and, as affirmative defense to the two notes payable in hay, set up a subsequent contract between the payee of the notes and the defendant that the point of delivery of the hay was changed by mutual agreement between payee and defendant; that it was agreed that de-

fendant should keep and store it in his barn; and that defendant, in accordance therewith, so stored and kept the hay. It also appears from the statement of facts that defendant offered testimony tending to prove that thereafter the payee requested defendant to sell the hay when he sold his own, and account to the payee for the proceeds of such sale. A number of denials of the allegations of the complaint were also set up in the answer.

The only testimony that appears to have been offered was relative to the value of the hay at the time and place at which it should have been delivered, and the affirmative defenses set up in the answer. The statement of facts is meager and unsatisfactory as to the evidence, and does not purport to contain all the testimony admitted. It seems that an exception was taken to testimony offered by defendant of the payment of certain sums on account of the payee of the first note made by the defendant, because such payments were unauthorized. But the statement does not contain all the evidence upon this defense, and it cannot be gathered that such payments were not shown to be authorized. Objection was also made to testimony offered by defendant tending to prove the allegations of the affirmative defense in the answer. This objection was correctly overruled, as such evidence was competent. The only exception to instructions taken by plaintiff is found in the statement of facts, as follows:

" Thereafter the court instructed the jury among other things that should the jury find from the evidence that at the time plaintiff began his suit herein the defendant had not disposed of the hay mentioned in the second and third causes of action, then as to said cause of action the jury should find for the defendant."

The affirmative defense had set up a contract subsequent to the execution of the notes payable in hay, by the terms of which defendant was to store and keep the hay, and

evidence tending to support the defense was produced by defendant. The instruction, therefore, became pertinent and was correct, and, if the jury found the subsequent contract established, then the action was prematurely brought upon the two notes payable in hay. We cannot determine from the statement of facts that the evidence was insufficient to support the verdict.

These considerations dispose of the case. But it is deemed proper to direct attention to the slovenly record that has been placed before the court. The proposed statement of facts, consisting of three pages, was made and filed by the plaintiff, and amendments, consisting of three pages, were thereafter filed by defendant. There also appears another page of typewritten matter, which contains interlineations and erasures, and, as gathered from a note upon a substituted page, is not a part of the statement, but seems to have been left in as a voluntary disturber in the examination of the facts contained in the statement. The statement of facts should be a clean paper, regularly paged and in continued form; and the practice cannot be tolerated of each party making up detached papers in the form of a proposed statement, with amendments thereto, fastening them together, with a certificate that certain amendments have been allowed and others rejected, and forwarding the whole mass here for this court to undertake the labor of extracting from such confused papers what are the facts.

The judgment of the superior court is affirmed.

GORDON, C. J., and ANDERS, FULLERTON and DUNBAR, JJ., concur.