[No. 16351. Department Two. September 26, 1921.]

A. G. SCHROEDER, *Respondent*, v. THE CITY OF RAYMOND *et al., Defendants,* R. H. COSHUN *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (300)—PARTIES—SPECIAL ASSESSMENTS —FORECLOSURE OF LIEN. The holder of local improvement bonds made payable to bearer may properly maintain an action to foreclose the lien of delinquent assessments out of which such bonds are made payable, where such bonds, properly executed, are produced in court and admitted in evidence, notwithstanding others may have some financial interest in them.

SAME (295)—ACTIONS FOR SALE OF LAND—DEFENSES. The foreclosure of a lien represented by a certificate of delinquency for general taxes would not bar foreclosure proceedings for special assessments, in view of Rem. Code, § 7892-40, providing that one foreclosing for general taxes shall either pay in full all local assessments or may proceed to acquire title to the property subject to certain or all of the local assessments that are a lien thereon.

[1]Reported in 200 Pac. 1092; 204 Pac. 180.

TAXATION (147, 161)—FORECLOSURE OF CERTIFICATES—CONDITIONS
PRECEDENT—SCOPE AND EXTENT OF RELIEF.  Where a holder of a
certificate of delinquency does not pay local assessments before
foreclosing, he elects to take subject to the local assessments; and
the court has power to grant only the statutory relief, which will
be read into the decree, its terms going beyond it and barring all
such claims being of no force.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered October 15, 1920, in
favor of the plaintiff, in an action by bond holders to
foreclose special assessment liens, tried to the court.
Affirmed.

*Preston, Thorgrimson & Turner,* for appellants.
*Paul Holbrook,* for respondent.

TOLMAN, J.—The respondent, as plaintiff below,
brought this action as owner of certain local improve-
ment bonds issued by the city of Raymond, to foreclose
the lien of the delinquent assessments out of which
such bonds are payable, under and by virtue of
§ 7892-51, Rem. Code (P. C. § 1039), the city having
failed and neglected to pay the bonds or collect the
assessments.  The appellants were made parties de-
fendant because of holding legal title to the property
in question under tax deeds theretofore issued to them.
The assessments were wholly delinquent and unpaid
upon the property to which the appellants so held title.

Appellants defended upon the ground that on May 7,
1912, appellant R. H. Coshun paid delinquent taxes
upon the property in question for the years 1907 to
1910, inclusive, amounting to $339.10, and received a
delinquency certificate therefor from the county treas-
urer, and thereafter paid to the county treasurer taxes
for subsequent years, making a total investment of
$1,942.10; and in January, 1916, more than three years
subsequent to the original date of delinquency of the
tax included in the certificates of delinquency, Coshun,

in a proper proceeding brought in the superior court for Pacific county, sought a judgment foreclosing his tax lien upon the property. In such tax foreclosure proceedings the holder of the legal title was made defendant, as was also the city of Raymond, and all persons shown by the records of the county to have any interest in the property, including "all persons unknown, if any, having or claiming to have any interest therein." In the complaint in that action it was stated that the city of Raymond claimed some interest in, or lien upon, the lands in question, but that such lien or interest, if any, was subject to and inferior to the lien for general taxes, and Coshun prayed that his tax lien be adjudged a first and paramount lien against the property, and that the defendants therein, and each of them, be barred and foreclosed of all interest, right, or estate in the premises or any part thereof. Due service was made upon the city of Raymond in the manner provided by law, and in addition the then city attorney of the city of Raymond was personally asked if he would appear in the case and set up the city's claim under the assessment for local improvements, and that default was delayed for several months until the city officials decided not to appear in said action, whereupon a decree of foreclosure was entered in which it was recited:

"It is further ordered, adjudged and decreed that said lien be and the same is hereby foreclosed and that the defendants above named; also all persons unknown, if any, having or claiming to have any interest or estate in or to said property and each of them and all persons claiming by, through or under them, be and they are hereby barred and foreclosed of any and all right, title, estate, lien or interest in or to said property or any part thereof, and all equity of redemption therein from and after the issuance of tax deed based on sale made pursuant hereto, and that such tax deed

shall convey the realty so sold in fee simple clear of all incumbrances.''

The bonds held by respondent are payable to bearer and are transferable by delivery, and presumably the making defendant of parties unknown who might have or claim an interest in the property was done for the purpose of binding the holders of the bonds.

Pursuant to the entry of the decree from which we have quoted, and under its terms, the property was duly offered for sale, at which sale appellants acquired title by tax deed to the property involved in this appeal. From a decree and judgment foreclosing the lien of the special assessments as prayed for in the present action, the defendants Coshun have appealed.

Their first contention is that respondent is not the real party in interest and therefore is not entitled to maintain this action. It appears, however, that the bonds were payable to bearer; that respondent was in possession thereof; produced them in court; they were found to be properly executed, and were admitted in evidence, and notwithstanding some testimony to the effect that others may have had some financial interest therein, we think respondent had sufficient title to enable him to maintain the action.

''The law is well settled, that where a note is payable to bearer, or is indorsed in blank, a suit may be maintained in the name of any person who is the holder of the note, without being required to show an interest in it. The court will not inquire into his right to the paper, or his right to maintain a suit upon it, unless circumstances appear showing his possession to be *mala fide*. That no injustice may result from this rule, it is also settled, that, when the plaintiff on the record is a mere trustee for another, the defendant may avail himself of any defense which he might set up against the real owner of the instrument, provided the action had been brought in his name. Nor is it a good plea

to allege that the note sued on is the property of another, and not of the plaintiff, without showing some substantial matter of defense against the one asserted to be the owner, and which could not be set up against the plaintiff.'' 3 R. C. L., p. 990, § 198.

The main contention of appellants is based upon the sustaining by the trial court of the demurrer to their affirmative defense setting up the decree in the action to foreclose the lien for general taxes as a bar, it being contended that the city of Raymond was made a party defendant in that case for the sole purpose of foreclosing it, and through it the holders of the local improvement bonds; and that, the court having had jurisdiction, the decree from which we have quoted extinguished the lien of the local improvement assessments.

We consider it unnecessary to enter into a discussion concerning what would have been the effect of a decree in the tax foreclosure case had it been the ordinary action in equity, or an ordinary action for the purpose of establishing either a legal or equitable right, because we are convinced that it was neither; but was a purely statutory proceeding brought under the statute and controlled thereby. Before appellants bought the certificate of delinquency which they sought to foreclose, the legislature in 1911 enacted what is now Rem. Code, § 7892-40 (P. C. § 1028), which reads:

''The holder of any certificate of delinquency for general taxes shall, before commencing any action to foreclose the lien of such certificate pay in full all local assessments or installments thereof outstanding against the whole or any portion of the property included in such certificate of delinquency, or, he may elect to proceed to acquire title to such property subject to certain or all local assessments a lien thereon, in which case the complaint, decree of foreclosure, order of sale, sale, certificate of sale and deed shall so

state.  If such holder shall pay such local assessments, he shall be entitled to fifteen per cent interest per annum on the amount of the delinquent assessments or delinquent installments thereof so paid, from date of payment.

"In any action to foreclose any lien for general taxes upon any property a copy of the complaint shall be served on the treasurer of the city or town within which such property is situate within five days after such complaint is filed.  In any case where any property shall be struck off to or bid in by the county at any sale for general taxes, and such property shall subsequently be sold by the county, the proceeds of such sale shall first be applied to discharge in full the lien or liens for general taxes for which the same was sold, and the remainder, or such portion thereof as may be necessary, shall be paid to the city to discharge all local assessment liens upon such property, and the surplus, if any, shall be distributed among the proper county funds."

This act was upheld in *Holzman v. Spokane,* 91 Wash. 418, 157 Pac. 1086, and *Lawrence v. Tacoma,* 103 Wash. 86, 173 Pac. 1017.

We therefore hold that appellants, who bought the certificate of delinquency subject to the terms of this statute, were at all times bound thereby, and in a statutory foreclosure of such certificate, the court had no power to grant other than the statutory relief, hence the language of the decree which goes beyond what the statute directs is of no force or effect.  Appellants had a right of election under the statute to either pay the local assessments in full before commencing the action to foreclose, or, as the only alternative, to acquire title through the foreclosure, subject to the lien of the local assessments.  Such acquisition of title, subject to the lien of the local assessments, would not prevent a testing of the validity thereof in any manner or at any time which would have been open to the

original owner, but no question is here raised as to the validity of the local assessments. Not having paid the local assessments, appellants must be held to have elected to take title subject thereto. The court having the power to grant only the statutory relief, the language of the statute must be read into the decree, and such being the effect of the judgment appealed from, that judgment must be and is affirmed.

PARKER, C. J., MAIN, MITCHELL, and BRIDGES, JJ., concur.

## ON REHEARING.

[*En Banc.* February 6, 1922.]

PER CURIAM.—This cause was reargued before the court *En Banc* on January 25, 1922. Deeming ourselves fully advised in the premises, and a majority of the judges being of the opinion that the cause was correctly disposed of by the decision of Department Two, the judgment is affirmed for the reasons therein stated and as therein directed.