[No. 19021. Department Two. February 17, 1925.]

MILO J. LOVELESS, *Appellant*, v. THE CITY OF CHEHALIS
et al., *Respondents.*[1]

APPEAL (288, 400)—RECORD—STATEMENT OF FACTS—EXTENSION OF
TIME FOR FILING. The discretion of the trial court in extending the
time for filing a proposed statement of facts will not be disturbed
unless abuse is shown.

APPEAL (87)—RIGHT TO APPEAL—INTEREST IN SUBJECT-MATTER.
Plaintiff, holding, for the purposes of collection, bonds payable to
bearer, and prosecuting an action thereon on behalf of the owner, is
entitled to appeal as the party beneficially interested.

MUNICIPAL CORPORATIONS (279, 284)—TAXATION (147, 177)—AS-
SESSMENTS—PAYMENT OF BONDS—COMPELLING REASSESSMENT—LIEN
AND PRIORITY. Where lots, subject to a local assessment lien, were
sold on the county's foreclosure of a prior lien for general taxes,
the purchaser takes a good title, and they cannot be reassessed to
make up any deficiency when the original assessment proves in-
sufficient to pay the local improvement bonds.

SAME. Where lots, subject to a local assessment lien, are sold
on foreclosure of a prior general tax lien, the holder of local im-
provement bonds who failed to pay the taxes or avail himself of
the remedy of Rem. Comp. Stat., § 9404, providing that he may en-
force the lien of local assessments if the city fails to do so, is
entitled to no relief for the amount of the deficiency caused by
the loss of the assessment against the lots so sold; but he may
have a reassessment for any other deficiency, to be levied against
the other property of the district.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered July 7, 1924, in
favor of the defendants, dismissing an action to com-
pel the payment of bonds issued for a local improve-
ment, tried to the court. Reversed.

*Robert F. Sandall*, for appellant.

*H. E. Donohoe*, for respondents.

HOLCOMB, J.—A motion by respondents to strike an
affidavit included in the transcript and not in the

[1]Reported in 233 Pac. 301.

statement of facts, in support of a motion to extend the time for filing the proposed statement of facts by appellant, which is preliminary to a motion to strike the statement of facts itself, is denied as not well taken. Disregarding the affidavit, there is an order in the record extending the time for filing the proposed statement of facts, and we have always held that the discretion of the trial court in extending the time for filing a proposed statement of facts would not be disturbed unless abused. *State ex rel. Bickford v. Benson,* 21 Wash. 365, 58 Pac. 217; *Greely v. Newcomb,* 21 Wash. 357, 58 Pac. 216.

There is no showing in this case on the part of respondents that there was any abuse of discretion on the part of the trial court in granting the extension of time to file the proposed statement of facts. The motions are therefore denied.

A motion to dismiss the appeal and the action because not prosecuted on behalf of the party beneficially interested, under the provisions of Rem. Comp. Stat., § 1015 [P. C. § 8189], must also be denied. The action is prosecuted on behalf of the owner of the bonds in question by his attorney who is "the bearer" of the bonds. The bonds are all payable "to bearer." Appellant testified that he is the holder but not the owner of the bonds and that he holds them for the purpose of collection. This is sufficient to grant him the right to maintain the action upon them. *Schroeder v. Raymond,* 117 Wash. 238, 200 Pac. 1092, 204 Pac. 180.

The action is to compel by mandamus respondents to account to appellant for all moneys collected from the property owners in local improvement district No. 92 of the city of Chehalis, and disbursed by them, and that they be compelled to pay to appellant the full amount of his bonds, plus interest, from any balance

of money in their hands collected from the property owners in the district for the payment and retirement of the bonds of the district; and if from such accounting it should appear that respondents have no money, or insufficient money on hand with which to pay appellant's bonds in full, that they be required to proceed according to law to reassess the property of the local improvement district for the purpose of paying the bonds of appellant in full.

Appellant holds nine of such improvement bonds, issued January 13, 1912, each for the sum of $100, originally issued to the Warren Construction Company, payable to bearer, with interest at the rate of seven per cent per annum. They are past due, and not paid. When presented to the treasurer of the city, there was on hand in the local improvement district No. 92 fund some $13, and there had been paid by the property owners in the local improvement district sufficient to pay in full and retire bonds numbered from 1 to 32 inclusive, aggregating the principal sum of $3,195.50. The bonds in question are numbered from 33 to 41, inclusive and are due and payable by their terms on January 13, 1922, and the interest on these bonds was paid up to that date. When demanded, payment was refused because there was not sufficient funds of the local improvement district in the city treasury to pay them. The entire cost of the local improvement included in this district was $5,000, and bonds were issued for the payment thereof, less some $815 which had been paid by property owners in cash. It was assumed in making the assessment that the interest on the local assessments of the property owners benefited would equal and take care of the interest on the local improvement bonds. Four property owners owning one lot each failed to pay any of their assessments. Their lots were sold by Lewis county for gen-

eral taxes and bought in by the county itself in 1918. The aggregate amount of the assessments against these four lots amounted to the principal sum of $499.13. Apparently the city collected from the property owners in the district the sum of $1,273.24 as interest, and paid out $1,924.69 as interest on the bonds. In other words, apparently the city paid out $651.45 more as interest to the bondholders than it collected as interest from the property owners in the district.

At the conclusion of the trial, the trial judge dismissed the action, and the errors claimed by appellant are in the dismissal of the action, and in not entering judgment for appellant ordering a reassessment.

Appellant relies on the provisions of the statute of 1911 (Laws of 1911, ch. 98, p. 468, § 42; Rem. Comp. Stat., § 9395) [P. C. § 1030], as follows:

"Whenever, on account of any mistake, inadvertence or other cause, the amount assessed shall not be sufficient to pay the cost and expense of the improvement made and enjoyed by the owners of the property in the assessment district where the same is made, the council of such city or town is authorized and directed to make reassessments on all of the property in said assessment district to pay for such improvement; such assessment to be made in accordance with the provisions of law and ordinance existing at the time of its levy."

"The fact that the contract has been let or that such improvement shall have been made and computed in whole or in part shall not prevent . . . nor shall . . . any other matter whatsoever connected with the improvement and the first assessment thereof, operate to invalidate or in any way affect the making of any assessment authorized in the preceding section; Provided, that such assessment shall be made for an amount which shall not exceed the actual cost and expense of the improvement, together with accrued interest thereon, it being the true intent and meaning of this act to make the cost and expense of local im-

provements payable by the property specially bene-fited thereby." Rem. Comp. Stat., § 9396 [P. C. § 1031.]

Appellant asserts that, from a reading of the fore-going sections of the statute, a reassessment is au-thorized *whenever on account of any mistake, inad-vertence or other cause* the amount authorized shall not be sufficient to pay the cost and expense of the improvement made and enjoyed by the property owners in the district, and that the statute authorizes and directs a reassessment of all of the property in the district.

Appellant insists that the facts show that the city bound the district for the sum of $4,095, and out of this sum lost $499.13 on the principal through the sale of the property in the district by Lewis county, leav-ing a balance of $3,596.37, which it collected as princi-pal. Out of this sum the city retired bonds numbered from 1 to 32, inclusive, aggregating in principal $3,195.50, leaving a balance of principal in its hands of $400.89, which, but for some mistake, should be on hand for the retirement of appellant's bonds. It is also insisted that, from the facts appearing, the city also made a mistake in assuming that the interest collected from the property owners in the assessment district would take care of the interest on the bonds.

The above assertion, we think, is apparent from the record, since it appears that the city paid $651.45 more as interest on the bonds than it collected as interest from the property owners.

Respondents, on the other hand, insist that all of the property owners in the district paid all of the as-sessments, including interest, levied against them, ex-cept as to the four lots sold by the county, and that it would be unjust, inequitable and unlawful, to again charge their property for the default in payment of their neighbors. Respondents assert that if everyone

had paid the principal and interest as contemplated in the improvement, there would have been sufficient money to take care of all outstanding bonds. That seems to be an erroneous assertion from the facts as they appear here. Regardless of the $499.13 on the principal, which with simple interest at seven per cent per annum for ten years would accumulate some $349.40 interest, there would still be a shortage on the principal amount of the bonds held by appellant in the sum of $107.63, whereas it appears that the city treasurer has only some $13 on hand belonging to the assessment district.

Respondents contend that for the non-payment of the bonds the bondholder is provided with a remedy by § 9404, Rem. Comp. Stat. [P. C. § 1039], which provides that, in case of the failure of the city to collect any of the assessments when due, the owner of such bonds may proceed in his own name to collect such assessments and foreclose the lien thereof in any court of competent jurisdiction, etc., and that by § 9405, Rem. Comp. Stat. [P. C. § 1040], it is provided that "neither the holder nor the owner of any bond issued under the authority of this act shall have any claim therefor against the city by which the same is issued except from the special assessments made for the improvement for which such bonds were issued, but his remedy in case of non-payment shall be confined to the enforcement of such assessments." And "that a copy of this section shall be plainly written, printed or engraved on each bond so issued." The bonds in question contain a copy of the foregoing section plainly printed on the face thereof.

It is true that we have held that, where the county forecloses a certificate of delinquency on account of general taxes, and buys in at the sale and later sells the property to a private individual, it initiates and

creates a new title to the property which the private individual takes free and clear of any kind or character of prior liens. *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1. The provisions of the statute relating to this procedure were set out and construed in that case.

Under the above decision there can be no restoration of the lien against the four lots sold by the county, for the special assessment, nor can they be reassessed.

The question then remains whether the remaining lots in this local improvement district can be reassessed for the amount of appellant's bonds.

While it is true that the total assessment, together with the cash paid, equaled the total cost of the improvement or $5,000, as asserted by respondents, it evidently did not equal the total actual cost and expense of the improvement, *together with accrued interest thereon,* as provided by § 9396, *supra.* Had the assessments so been provided for, the payment of the bonds first maturing in the local improvement district, or those numbered from 1 to 32, inclusive, could not have exhausted the fund.

The statute relating to such local improvement districts, § 9407, Rem. Comp. Stat. [P. C. § 1042], does provide that the bonds shall be called in and paid in their numerical order, and another section relating to the assessments provides that "Such bonds shall not be issued in any amount in excess of the cost and expense of the improvement." But it is a fact that, regardless of the loss of the $499.13, with interest, on the four lots seized by the county and sold for general taxes, there was a deficit in the amount assessed on the property which would be required to satisfy the amount of the bonds and interest on the total cost of the improvement. There was some $56.15 paid by some of the owners of the four lots sold by the county, as

interest, to be deducted from the total accumulation of interest, amounting as stated to $349.49, leaving a balance of interest accumulating on that property of $239.24 for the ten-year period. This added to the principal which they failed to pay would total $792.37. This deducted from the face of the bonds held by appellant leaves a balance of $107.63 principal.

Under the provisions of the statute and our decision in *Maryland Realty Co. v. Tacoma, supra,* we must hold that the bondholder let the property be sold for general taxes, and made no attempt to enforce the lien of the bonds and collect the assessments against the property in question. The bondholder could have paid the county lien for taxes, or redeemed from delinquency, and thus saved the property from being sold for general taxes. Having allowed the escape of the property from his lien, and a new title to be initiated (*Collins v. Spokane,* 123 Wash. 156, 212 Pac. 150), the purchasers from the county have taken that property free and clear of the prior local improvement assessments.

We conclude that the only relief appellant can now have is that the remaining property in the district, exclusive of the four lots in question, must be reassessed by the city for the payment of the deficit of $107.63, with interest from the date of the maturity of appellant's bonds.

The judgment is reversed, with instructions to proceed in conformity herewith, with costs of appeal.

Tolman, C. J., Bridges, Mackintosh, and Mitchell, JJ., concur.